'THE STATE OF KANSAS v. HIRAM MYRICK.

1. FELONY — *Trial* — *Personal Presence of Accused* — *Error*. Section 207 of the criminal code prohibits the trial of any person accused of felony unless he is personally present throughout the trial; and it is therefore error for the court, in a prosecution for felony, to recall the jury and give further instructions while the defendant is absent and under confinement in jail.

2. PRESENCE, *Not Waived*. In such case, the presence and consent of defendant's counsel did not waive or cure the illegality; nor will a reviewing court inquire whether the additional instructions given were applicable and correct statements of the law.

*Appeal from Osage District Court.*

PROSECUTION for an assault with a deadly weapon, with intent to kill. From a conviction and sentence at the April

Term, 1887, the defendant *Myrick* appeals. The facts are sufficiently stated in the opinion.

*William Thomson,* and *W. A. Madaris,* for appellant.

*H. B. Hughbanks,* county attorney, and *P. E. Gregory,* for The State.

The opinion of the court was delivered by

JOHNSTON, J.: Hiram Myrick was charged jointly with Frank Blainey, with assaulting and beating one C. A. Smith with a deadly weapon, and with the intent to kill and murder him. He was separately tried, and found guilty of wounding Smith in the manner charged, and under circumstances which would have constituted manslaughter in the third degree if death had ensued from the wound. A sentence of two years' imprisonment was pronounced, from which judgment he appeals here, and seeks a reversal for insufficiency of the information, and for rulings made by the court during the progress of the trial. The information is unquestionably sufficient; and there is nothing substantial in the other exceptions, save one. After the cause had been submitted to the jury, and they had retired to the jury room, they requested the court to give them further instructions in regard to what constitutes manslaughter in the second and third degrees. This request was submitted to counsel for the defendant, who stated that they had no objections to the granting of the request, providing the court should also include in the instructions a phase of the law relating to assault and battery. In response to the request of the jury, the judge prepared further instructions, which were handed to defendant's counsel, who made no objection to them, and the jury were then returned into court and given the additional charge, the defendant's counsel then stating that they had no objections to the further charge being then given. The defendant was absent and confined in the county jail when the additional instructions were requested and given.

The absence of the defendant under imprisonment in the

county jail during a part of the trial was one of the grounds upon which a new trial was asked, and the overruling of a motion so grounded is an error which must be held fatal to the judgment. Section 207 of the criminal code provides that "No person indicted or informed against for a felony can be tried unless he be personally present during the trial." By this provision the legislature has said that the personal presence of the defendant, upon a charge of felony, is essential to the legality of the trial. The charge of the court is one of the most imporant proceedings in the trial. His presence is no less necessary or important when the jury are instructed than during the impaneling of the jury, the introduction of evidence, the argument of counsel, or the reception of the verdict. In the present case the defendant was on trial for a felony, and the instructions requested and given were exceedingly important. As the statute forbids the trial of a person for felony, unless such individual be personally present during the trial, the presence of the defendant's counsel and their consent to proceeding with the trial in his absence and imprisonment will not cure the illegality. It has frequently been decided that the right of a defendant in a prosecution for felony to be present is one that cannot be waived by counsel, and that a reviewing court will not in such cases stop to inquire in regard to the correctness of the instructions given, or the steps taken during the absence of the defendant. (*Jones v. The State*, 26 Ohio St. 209; *Maurer v. The People*, 43 N. Y. 1; *Green v. The People*, 3 Colo. 68; *Smith v. The People*, 8 id. 457; same case, 8 Pac. Rep. 920; *Prine v. The Commonwealth*, 6 Harris, 103; *The State v. France*, 1 Overton, 434; *Dougherty v. The Commonwealth*, 69 Pa. St. 286; *The People v. Perkins*, 1 Wend. 91; 1 Bish. Crim. Proc., § 273, and cases cited; Wharton's Crim. Law, §§ 2991, 3364.)

The rule established by the statute and by these authorities is decisive of the case, and compels a reversal of the judgment of the district court.

All the Justices concurring.