Harris, Respondent, *v.* Watkins, Appellant.

**1. Appeal—Justice of the Peace—Default Judgment.**

 In an action before a justice of the peace, the defendant, by his attorney, on the return-day appeared and had the case continued to another time, when he again appeared and filed an answer of general denial, but the defendant himself failed to appear within the hour and until after judgment had been rendered against him. *Held* not a judgment by default, and that the defendant might appeal therefrom and have the case tried in the district court.

**2. Same—Perfecting—Filing Record—Jurisdiction.**

 Section 96, Justice's Code, as amended, chapter 5, Laws 1881, provides that if the appeal is not filed with the clerk of the district court within 15 days after it is perfected, it shall be dismissed. It appeared the clerk received the papers within the time, but, his costs not having been paid, did not indorse them with his filing until after the time had expired. *Held*, that the district court had acquired jurisdiction and it was error to dismiss the appeal under that section.

(Submitted May 21, 1888; reversed May 25; opinion filed October 13, 1888.)

Appeal from the district court of Spink county; Hon. L. K. Church, Judge.

*N. D. Walling*, for appellant.

When a general appearance and answer have been interposed there can be no judgment by default, but the trial must proceed on its merits. Jus. Code, §§ 42, 43. See, also, §§ 11, 12.

The appellant had perfected his appeal within the time allowed by law, and had paid the justice his fees for forwarding the transcript, yet the justice did not forward the papers to the clerk of the district court until 12 days thereafter, though the law says he must forward them within five. This neglect of the officer to perform his duty was the result of appellant's not filing the papers within 15 days from the time of perfecting the appeal. "When a party entitled to an appeal uses diligence in endeavoring to perfect the same, the law will not permit him to be deprived of it through the neglect of the officer whose duty it was to prepare the transcript." *Rep. V. R. R.* v. *McPherson*,

11 N. W. Rep. 739; *Dobson* v. *Dobson,* 7 Neb. 296.   Section 96
only applies to cases where the justice has performed his duty.

"The rule is that the omission of a justice to make his return
within the statutory period will not prejudice the appellant, who
has himself complied with all the provisions for perfecting the
appeal."   Melville, Dak. Jus. 237 ; 5 Wait's Pr. 415.

*H. C. & T. J. Walsh,* for respondent.

No appeal lies from a default judgment.   *Minn. H. W.* v.
*Hedges,* 7 N. W. Rep. 531; *Strine* v. *Hingsbaker,* 10 N. W. Rep.
534; *Baier* v. *Hempall,* 20 N. W. Rep. 108; *Brayton* v. *County
of Delaware,* 16 Ia. 44; *Trullenger* v. *Todd,* 5 Or. 36; *Saig* v.
*Sharp,* Id. 538.

The defendant, having moved to open the default in the jus-
tice's court, is estopped from asserting that such judgment is not
subject to be opened up on proper and timely application.

As to section 96, it is too plain to require any construction.
All discretion is taken from the court.   The appeal shall be dis-
missed.

If the statute should be considered permissive, and not man-
datory, then it reposes in the court a discretion in the matter
of dismissing the appeal, and matters resting in the discretion
of the court are not reviewable on appeal.   *Wakeman* v. *Price,*
3 N. Y. 434; *Danley* v. *Graham,* 48 N. Y. 658.

Even if it were possible to reverse this order, there is nothing
before this court to warrant it in finding that the discretion of
the lower court was not properly exercised.

The clerk was under no obligation to notify the defendant of
the receipt of the appeal papers.

If the justice was negligent in forwarding the appeal, the Code
furnished a remedy.   Section 92.

FRANCIS, J.   September 17, 1886, respondent commenced an
action in the court of a justice of the peace to recover the sum of
$75 damages for property alleged to have been converted by the
defendant.   September 25, 1886, the case was set for hearing,

but, upon motion of attorney for appellant, was continued to October 1, 1886. October 1, 1886, an answer was filed on behalf of the defendant (appellant) by his attorney, denying each and every allegation contained in the complaint of the plaintiff, (respondent,) but the appellant, (defendant,) being mistaken as to the hour set for the trial, did not himself arrive at the office of the justice until 1 o'clock P. M., and not until the case had been concluded, and the justice had rendered judgment against him in favor of the plaintiff. October 25, 1886, the attorney for the defendant (appellant) appeared before the justice, and moved to have said judgment set aside, and a new trial ordered, which motion was opposed by the attorneys of the plaintiff, (respondent,) and denied by the justice. October 30, 1886, an appeal to the district court was perfected by the filing of a bond and the payment of the fees of the justice for transcript; the notice of appeal having been served and filed prior thereto. November 11, 1886, 12 days after said appeal was perfected, the clerk of the district court, to which said appeal was taken, received the transcript and papers in said action, which were forwarded to him by the justice of the peace, but the said clerk of the district court failed to indorse thereon the evidence of the filing thereof, on the ground that his costs had not been paid. November 17 1886, the plaintiff (respondent) served notice of motion to dismiss said appeal on the following grounds, namely: *First*, that "no appeal will lie from the judgment of the justice herein; the same having been rendered on default, and no motion to open the default having been made prior to the service of the notice of appeal." *Second*, that "the appeal papers have never been filed in the office of the clerk of the district court, and more than 15 days have elapsed since the appeal was perfected." November 26, 1886, (prior to the day set for the hearing of said last-mentioned motion,) the costs of said clerk of the district court were paid, and he indorsed the appeal papers as filed. December 11, 1886, said motion to dismiss said appeal was argued before Hon. LOUIS K. CHURCH, the judge of said district court, and said appeal was dismissed, with $10 costs, and

to this ruling and order of the court the defendant (appellant)
duly entered his exception. December 15, 1886, notice of ap-
peal to this court, and undertaking, were served on the attor-
neys of plaintiff, (respondent,) and upon the clerk of said dis-
trict court, and January 5, 1887, were filed in the office of said
clerk. The following errors are assigned: "*First*, the court
erred in holding that an appeal would not lie from the judgment
rendered in the justice court; *second*, the court erred in holding
that the failure of the justice to perform his duty would defeat
appellant's rights; *third*, the court erred in dismissing the ap-
peal."

From this record it is evident that the judgment rendered by
the justice of the peace was not a judgment upon default. The
defendant (appellant) appeared, by his attorney, before the jus-
tice of the peace, on the day first set for the hearing of the ac-
tion, and answered the complaint of the plaintiff, and on motion
of his (defendant's) attorney obtained an adjournment of the
trial to another day; and the fact that he failed afterwards to
appear at the trial, and that judgment was rendered against
him in his absence, does not place him in default.

It also appears that while the defendant himself did not at-
tend at the time of the trial his attorney was there present, so
that the defendant was legally present at the trial, although, be-
ing in error as to the hour set for the trial, he did not in person
arrive until after judgment had been rendered against him.

When a defendant appears before a justice of the peace on
the return-day or other day fixed by the justice, either in person
or by attorney, and answers the complaint of the plaintiff, he
does not become in default if he then (the trial being had on
that day) fails to offer evidence at the trial. And if the trial
of the action is adjourned, after he has appeared and answered,
he does not become in default if he fails to appear, either *per se*
or by attorney, at the time and place to which the adjournment
is had, or any other time and place thereafter, when and where
the trial occurs, and try the issue raised by the complaint and
answer. And he may appeal from the judgment rendered at

such trial, and will, on appeal, be entitled to have his issue tried in the district court.

It also appears that the transcript and papers which were sent up by the justice of the peace were received by the clerk of the district court 12 days after the perfecting of the appeal, and therefore within the limit of 15 days fixed for the filing of the appeal by section 96 of our Justice's Code.

When the clerk of the district court received said transcript and papers in his office, the said district court obtained jurisdiction of the case on appeal, notwithstanding the fact that (his costs not having been paid) said clerk failed to indorse thereon the evidence of filing until after the expiration of said limit of 15 days.

It, moreover, appears that said costs were actually paid to the said clerk, and his indorsement of filing placed upon the appeal papers, 15 days prior to the hearing of the motion to dismiss the appeal and its dismissal.

The district court erred in holding that the defendant (appellant) was in default in the justice's court, and in dismissing the appeal.

The judgment of the district court is reversed, and the case remanded for trial.

All the justices concurring.