## THE STATE OF KANSAS v. WILLIAM K. BAXTER.

1. MISDEMEANOR — *Imprisonment — Practice.* Defendant was convicted of a misdemeanor, and sentenced to pay a fine of $1 and the costs of prosecution. On the following day, in the absence of the defendant, and when no one was present to undertake for him to pay the fine and costs, the court made an order that he stand committed until the fine and costs were paid. *Held,* That the imprisonment was no part of the punishment imposed; that the objection of the defendant, if present, must have been unavailing, as the statute expressly requires the making of such an order after a judgment for fine and costs is rendered; and further, that the making of the order was not reversible error.

2. ——— *Personal Presence of Defendant.* The personal presence of the defendant during a trial for misdemeanor is not absolutely required, and statements made to the jury in the presence of his counsel, in response to inquiries of the jurors, which were not prejudicial to him and not excepted to by his counsel, are not grounds for reversal.

3. APPEAL — *Only Question Considered.* Where a felony is charged and the conviction is for a misdemeanor included within the charge, the court on appeal can only consider whether there was error in the proceedings regarded as a prosecution for a misdemeanor.

*Appeal from Meade District Court.*

THE defendant *Baxter* was charged with a felonious assault, tried at the December term, 1888, found guilty of assault and battery, and sentenced to pay a fine of $1 and the costs of the prosecution. He appeals. The facts are stated in the opinion.

*Linus S. Webb,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: William K. Baxter was convicted in the district court of Meade county of assault and battery, and he was sentenced to pay a fine of $1 and costs, and to stand committed until the fine and costs were paid. He appeals, and raises two points against the validity of the judgment. It

appears that the sentence imposed at the conclusion of the trial was simply that he should pay the fine and costs of prosecution. On the following day, in the absence of the defendant, and when there was no person present to undertake for him to pay the fine and costs or to satisfy the judgment rendered, the court modified the judgment entered on the previous day by adding an order that defendant stand committed to the jail of the county until the fine and costs be paid.

It is argued that this action is in conflict with § 245 of the criminal code, which provides that, "for the purpose of judgment, if the conviction be for an offense punishable by imprisonment, the defendant must be personally present; if for a fine only, some responsible person must undertake for him to pay the judgment and costs; judgment may then be rendered in his absence;" and that it is such an error as will require a reversal. The defendant should have been brought into court when the subsequent order was made; but it is difficult to see that he suffered any prejudice from the failure to do so. In respect to the order which was made in his absence, the court had no discretion, for § 251 of the criminal code provides that when the defendant is adjudged to pay any fine and costs, the court shall order him to be committed to the jail of the county until the same are paid. The general rule, independent of statute, is that in all cases where corporal punishment is inflicted, the defendant must be present in court when the sentence is pronounced; and his presence is equally necessary when any modification of such a sentence is made. The modification made in the present case, however, did not change or affect the sentence originally imposed as a punishment for the offense of which the defendant was convicted. The order committing the defendant to the jail of the county until the fine and costs are paid is no part of the sentence, and the imprisonment is no part of the punishment inflicted for the commission of the offense. It is only a means provided for the enforcement of the penalty imposed in the sentence or judgment. (*In re Boyd*, 34 Kas. 573.) The code itself recognizes a distinction between the sentence or judgment and

the order subsequently made for the enforcement of that judgment. As we have seen, the statute. arbitrarily requires the order to be made, so that, if the defendant had been present, he could not by any showing or argument have influenced or varied the action of the court. He could only have objected, and as the objection must have been unavailing, his substantial rights were not affected, and he was in no way prejudiced. It is manifest that the rule of § 245, requiring him to be present, or that some responsible person must undertake for him to pay the judgment and costs, is made for the benefit and protection of the state rather than of the defendant; besides, he was personally present when the judgment proper was rendered.

The second point raised is, that the judge of the court gave oral instructions to the jury after it had retired to deliberate upon the verdict. Some statements were made by the court in the absence of the defendant, but it was not done secretly, as they were made in the presence of the county attorney, as well as the attorney of the defendant. The occurrence, as related in the record, is that, in response to the question of one of the jurors, the court stated orally to the jury that "the failure of the defendant to testify should not be construed against him; and in response to another question by a juror, the court orally expressed its recollection of the evidence as to whether any person other than the defendant and Charles A. Stevens and his sister was in a position to see and hear all that was done and said at the time of the alleged assault as charged in the information, the court stating orally that it did not recollect any testimony to that effect. And both the county attorney and counsel for the defendant addressed some remarks to the court in the presence of the jury and in the absence of the defendant, and without his knowledge or consent, the counsel for defendant expressing himself as being opposed to the court responding to other interrogatories by the members of the jury." As will be seen, the remarks of the court were mostly made for defendant's benefit and in his favor. It seems to have been so regarded by

his counsel, who was present and made no objection to what was said, his only objection being to the court responding to any *other* interrogatories than those already answered.   However, this was a conviction for a misdemeanor, and the personal presence of the defendant was not absolutely required, as in cases of felony.   The trial may proceed in his absence when he is represented by counsel. (Crim. Code, § 207.)   The case of *The State v. Myrick*, 38 Kas. 238, in which it was held that the giving of an instruction in the absence of the defendant was error, was a conviction for a felony ; and as to that the statute expressly prohibits a trial of the defendant unless he is personally present.   The charge in this prosecution was for a felony, it is true, but he was only convicted of a misdemeanor, and the rule applicable to misdemeanors must apply.   It may be said that by the verdict the defendant stands acquitted of the charge of felony, and any errors committed as to that charge must be laid out of consideration. We can only consider whether there was error in the proceedings treated as a prosecution for a misdemeanor. (*The State v. O'Kane*, 23 Kas. 244; *The State v. Granville*, 26 id. 158; *The State v. Newland*, 27 id. 764; *The State v. Watson*, 30 id. 285; *Barton County v. Negbaur*, 34 id. 288.)   On this appeal we must therefore regard the case as a prosecution for an offense less than a felony, and as the defendant was present by counsel the rule invoked will not apply.

We think no errors were committed which require a reversal, and hence the judgment of conviction will be affirmed.

All the Justices concurring.