The State v. Jarrett.

THE STATE OF KANSAS V. STARLING JARRETT.

PRELIMINARY EXAMINATION, *Waived — New Offense Charged in the Information.* Where the complaint .and warrant charge a defendant with the larceny of United States currency and United States coins, and the defendant, upon arrest, waives a preliminary examination thereon before the examining magistrate, the county attorney, in filing the information .against the defendant, cannot add a new offense; that is, he cannot charge the defendant with the larceny of a pocket-book or a promissory note, neither of which is mentioned, referred to, or by any implication whatever charged in the original complaint or warrant, when the preliminary examination was waived.

### Appeal from Barber District Court.

PROSECUTION for grand larceny. From a conviction at the February term, 1891, the defendant, *Jarrett,* appeals. The opinion states the facts.

*R. A. Cameron,* for appellant.

*John N. Ives,* attorney general, and *Lyman De Geer,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: Starling Jarrett was arrested upon the complaint of Dawson Brown, charging him with stealing, taking and carrying away from the house of W. M. Brown $36 in United States currency and coin. The warrant followed the complaint, and alleged that Jarrett did, on the 20th of December, 1890, in Barber county, Kansas, unlawfully, feloniously, and at the house W. M. Brown, steal, take and carry ·away one twenty-dollar United States currency bill, current as money, of the value of $20; one ten-dollar United States currency bill, current as money, of the value of $10; one five-dollar United States currency bill, current as money, of the value of $5; and one one-dollar gold piece, of the denomination of $1, current as money, of the value of $1— all of the aggregate value of $36, and the ·property of Dawson Brown, of which property a more particular description is

unknown. Jarrett waived a preliminary examination, and was held to answer at the next term of the district court, and in default of bond was committed to jail. The county attor- ney in due time filed his information against him, charging —

"That one Starling Jarrett, whose true name is to me un- known, did then and there unlawfully and feloniously steal, take and carry away one twenty-dollar paper currency bill, current as money of the United States, of the value of $20; one ten-dollar paper currency bill, current as money of the United States, of the value of $10; one five-dollar paper cur- rency bill, current as money of the United States, of the value of $5; one one-dollar gold coin currency piece, current as money of the United States, of the value of $1; one leather pocket-book, of the value of 50 cents; one promissory note, dated —— day of ——, 1890, made payable to Dawson Brown or bearer, for $25, and signed by —— Rodgers, of the value of $25. A more minute or particular description of said personal property cannot be given for want of knowledge of such mi- nute or particular description — all of the aggregate value of $61.50, and the property of Dawson Brown."

Jarrett filed a plea in abatement, upon the ground, among others, that he had never had, or waived, a preliminary ex- amination for the crime of stealing, taking and carrying away the pocket-book and note mentioned in the information. The district court overruled the plea in abatement, although it found the allegations therein were true. After the jury had taken the case and retired to consider their verdict, they sent a request to the district judge to be allowed to take the note mentioned in the information and the plea in abatement to their room, which request the judge granted, over the objection of the defendant's counsel, the defendant at this time being absent from the court-room in the county jail. The note was accordingly taken into the jury-room, and remained there dur- ing all their deliberations in the case. Verdict of guilty, and sentence to one year in the penitentiary.

Section 69 of the criminal code provides that no informa- tion shall be filed against any person for any felony until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace, or other exam-

ining magistrate or officer, unless such person shall waive his right to such examination. Fugitives from justice and persons charged with misdemeanors not cognizable before a justice of the peace are exempted from the provisions of this section. A preliminary examination is required for the purpose of giving to the defendant a reasonable notice of the nature and character of the offense charged against him.

"All that is necessary is that the defendant should be given a fair opportunity to know, by a proffered preliminary examination, the general character and outlines of the offense against him; and it is not necessary that all the details and technical averments required in an information should be set forth in the papers used on the preliminary examination." (*The State v. Bailey*, 32 Kas. 83.)

See, also, *Redmond v. The State*, 12 Kas. 172; *Jennings v. The State*, 13 id. 90; *The State v. Smith*, 13 id. 274; *The State v. Spaulding*, 24 id. 4; *The State v. Tennison*, 39 id. 726.

If it shall appear from the preliminary examination that the defendant is guilty of the offense charged in the warrant of arrest, then he is committed to jail, or required to enter into a recognizance, etc. (Crim. Code, §§ 53, 54.) But "if upon the trial [preliminary examination] it shall appear that the defendant is guilty of a public offense, other than that charged in the warrant, he shall be held in custody of the officer and tried for such offense, a reasonable opportunity having been given to obtain his witnesses and prepare his defense." (Crim. Code, § 55.) It will therefore be seen that the original complaint and the warrant of arrest may charge one offense, and the defendant may be bound over for another. In such a case, in justice to the defendant, a new complaint ought to be filed, but the statute does not in terms require it. (*Redmond v. The State*, supra.) In *The State v. Spaulding*, supra, Mr. Justice BREWER, speaking for the court, said:

"It will be remembered that these preliminary proceedings are generally had before justices of the peace, officers not learned in the law, and if the same fullness and precision, the same precautions against all the contingencies of the testimony, were required there as in the information or indictment, jus-

tice would be often delayed and defeated. All that can be required is, that there shall be a single statement, containing the substantial facts of the offense charged, and then the prosecutor, in preparing the information, may use many counts, varying in them the formal and non-essential matters of the crime. He may not add a new offense. To larceny he may not add robbery, nor to murder, arson. Neither may he add to the larceny of one piece of property the larceny of another. He may not substitute one offense for another, but he may, by several counts, guard against the contingencies of the testimony." (*The State v. Smith*, supra.)

In this case, the information added the larceny of a pocket-book and a promissory note. Such articles were not mentioned, referred to, or by implication contained either in the complaint or warrant when the defendant waived a preliminary examination. The allegations of the plea in abatement were true, and the plea should have been sustained — not overruled. This ruling need not release or discharge the defendant from the larceny of the pocket-book or promissory note. A new complaint may be filed before any justice of the peace of Barber county for the larceny of these articles, and proper proceedings had thereon, as required by the statute. It is urged, however, against the plea in abatement, that a full transcript of the case has not been filed, and therefore that the plea in abatement is not properly before this court for consideration. The certificate of the clerk to the transcript is too prolix. He ought to have certified merely "that the above and foregoing was a full and complete transcript of the proceedings in the above-entitled cause." The clerk recites, however, in the certificate, that the transcript contains copies of certain papers, and "that the same constitute a full and complete transcript of the proceedings of the district court in the above-entitled cause."

An examination of the transcript shows that on the 11th day of February, 1891, "the defendant filed his plea in abatement to the action of the plaintiff against him, in words and figures following." Here the plea is given, but instead of the affidavit thereto being set forth in full, the bill of exceptions

recites that the plea in abatement "was properly verified by the defendant." The bill of exceptions also states that the trial court "found that the allegations and averments contained in the plea in abatement were true." Taking the record and certificate, we think that a full and complete transcript of the case has been filed, and that the case is properly here for review.

Further, it appears from the record that the defendant was absent and confined in the county jail when the court, at the instance of the jury and against the objections of his counsel, sent a portion of the written testimony in the case to the jury-room. It is doubtful whether this is correct practice under § 207 of the criminal code. That section prohibits the trial of any person accused of felony unless he is personally present throughout the trial, and it is doubtful whether any written testimony should be sent to the jury against the consent of his counsel, while the defendant is absent from the court-room and confined in the county jail.

*The State v. Myrick,* 38 Kas. 238; *The State v. Moran,* ante, p. 318; same case, 26 Pac. Rep. 754.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.