(80 N. W. Rep. 475.)

---

## STATE OF NORTH DAKOTA vs. JOSEPH ROZUM.

Opinion filed October 21, 1899.

**Preliminary Examination—Sufficiency of Complaint—Waiver.**

A complaint filed with a committing magistrate, charging the crime of keeping and maintaining a common nuisance, fixed the locus as "in a certain frame building situate on the townsite of Pisek," in the proper county and state. The accused waived an examination, and was bound over to the District Court. An information was filed against him in that court, which he moved to quash on the ground that he had never had or waived a preliminary examination for any criminal offense, because no place was fixed and particularly described in the complaint filed with the magistrate. *Held* that, in the absence of an attack thereon by motion or demurrer, the allegation in the complaint was sufficient, and that said complaint did state a public offense.

**Particularity of Description of Place where Intoxicating Liquors are Sold.**

*Held*, further, that the statutory requirement that the place be particularly described applies only to cases of search and seizure, or to trials upon indictment or information for keeping and maintaining

a common nuisance. It does not extend to a complaint for that offense before a committing magistrate.

### Second Offense—Maintaining Nuisance—Motion to Quash Information.

In the information in District Court the defendant. was charged with keeping and maintaining a common nuisance, as of a second offense. The motion to quash was also based upon the claim that defendant had never had or waived a preliminary examination for the particular offense charged in the information. *Held*, that in this state an accused has only such right to a preliminary examination as is given by statute, and that under section 7983, Rev. Codes, the accused may be informed against for any crime covered by the transaction set forth in the complaint, or necessarily connected therewith, or of which the accused knew he must be guilty, if guilty of the matter charged in the complaint.

### Verification on Information and Belief—When Sufficient.

Section 7601, Rev. Codes, requires that where a state's attorney makes complaint of violations of the prohibition law, verified on information and belief, he must file with the magistrate the depositions of some witness on which such information is based. In this case such deposition was attached to the complaint when handed to the magistrate. The complaint was marked, "Filed"; the deposition was not. *Held* a sufficient compliance with the statute.

### Order of Commitment—When Sufficient to give District Court Jurisdiction.

Section 7966, Rev. Codes, requires a committing magistrate to indorse his order of commitment on the complaint. It was not so indorsed in this case, but was entered upon the docket which the law requires the magistrate to keep, and a copy of which must be returned to the District Court. *Held* sufficient. It is the making of the order that gives the District Court jurisdiction, and not the place of its entry.

### Evidence—Threats to Suppress.

Threats made for the purpose of destroying or withholding evidence raise a presumption that such evidence is detrimental to the party seeking to destroy or withhold it, and such threats may be given in evidence.

### Cross Examination of Defendant—Collateral Crimes.

It is settled in this state that, where a defendant in a criminal case voluntarily goes upon the witness stand in his own behalf, he is, on cross-examination, subject to the same rules that govern as to other witnesses, and may, as affecting his credibility, be asked as to collateral crimes, even when his answer may disgrace him in the eyes of the jury.

### Maintaining Liquor Nuisance in Home.

Where a husband knowingly suffers intoxicating liquors to be kept for sale or sold as a beverage in the house in which he lives with his family, or knowingly suffers persons to resort to such house for the purpose of drinking intoxicating liquors, contrary to law, he, in law, assents thereto, and is guilty of keeping and maintaining a common nuisance; and the fact that the title to the home may be in the wife, and that she furnishes and sells the intoxicating liquors, will not relieve him of guilt.

Appeal from District Court, Walsh County; *Sauter*, J.

Joseph Rozum was convicted of keeping and maintaining a common nuisance, and appeals.

Affirmed.

*Spencer & Sinkler*, for appellant.

The information laid before the committing magistrate was insufficient because it did not particularly describe the place where the liquor was kept. § § 7601, 7602 and 7614, Rev. Codes. The information before the committing magistrate not stating a public offense there is no base upon which to rest the information upon which defendant was convicted. Every element of the offense de-fined by the statute must be covered in the information by positive averment. *State* v. *Burchard*, 4 S. D. 548, 57 N. W. Rep. 491; *State* v. *Butcher*, 1 S. D. 401, 47 N. W. Rep. 406; *State* v. *Marku-son*, 7 N. D. 155, 73 N. W. Rep. 82; *Rogers* v. *State*, 33 Atl. Rep. 283. Section 7614, Rev. Codes, is identical with the Kansas statute on the same subject and in that state a particular description of the place is required. *City* v. *Smith*, 46 Pac. Rep. 710; *State* v. *Nickerson*, 2 Pac. Rep. 654; *State* v. *Walters*, 47 Pac. Rep. 839. If from the preliminary proceedings no crime can be culled the state's attorney cannot file an information for any crime. § 7982, Rev. Codes; *State* v. *Jarrett*, 27 Pac. Rep. 146; *Peo.* v. *Parker*, 27 Pac. Rep. 537; *Peo.* v. *Wallace*, 29 Pac. Rep. 950; *Orr* v. *State*, 8 S. W. Rep. 644; *Smith* v. *State*, 8 S. W. Rep. 645; *Wood* v. *State*, 11 S. W. Rep. 525; *Peo.* v. *Kilvington*, 36 Pac. Rep. 13; *Peo.* v. *Lane*, 36 Pac. Rep. 16; *State* v. *Ivey*, 5 S. E. Rep. 407; *Ex parte Baker*, 25 Pac. Rep. 966; *Peo.* v. *Christian*, 35 Pac. Rep. 1043; *Peo.* v. *Howland*, 44 Pac. Rep. 342; *White* v. *State*, 35 S. W. Rep. 391; *Dominguez* v. *State*, 35 Pac. Rep. 973; *Paschal* v. *State*, 9 Tex. App. 205; *Lackey* v. *State*, 14 Tex. App. 167 *State* v. *Beebee*, 83 Ind. 171; *Little* v. *State*, 19 S. W. Rep. 332. The offense charged in the information before the committing magistrate if any, was a misdemeanor, while the information on which he was tried was felony. An information for felony cannot be based on a complaint for a misdemeanor. *Kinley* v. *State*, 16 S. W. Rep. 339. The fact of the former conviction should have been alleged in the complaint before the examining magistrate. § 7614, Rev. Codes; Clark's Cr. L. 35 & 36; Clark's Cr. Pro. 204; *Peo.* v. *Buck*, 67 N. W. Rep. 982; *Com.* v. *Harrington*, 130 Mass. 35; Beale's Cases on Cr. L. 31. The District Court acquired no jurisdiction to try this defendant because the information filed by the state's attorney was verified on information and belief, and the statements of the witnesses examined by him were not filed therewith. § 7601, Rev. Codes; *State* v. *Huffman*, 33 Pac. Rep. 377. Except as provided by statute no person should be arrested save upon a positive oath to the complaint. *State* v. *Kirkpatrick*, 34 Pac. Rep. 415; *State* v. *Mosell*, 30 Pac. Rep. 189. There is no indorsement of committ-ment on the complaint as required. § 7966, Rev. Codes; *Peo.* v. *Thompson*, 24 Pac. Rep. 384. It was not competent to ask either the observation or opinion of witnesses either as to the disposition of the accused, or as to his conduct. Abbott's Cr. Brief, § 468 and cases cited. Neither was it competent to show defendant's bad character by proof of specific acts. *State* v. *LaPage*, 57 N. H. 245; *Com.* v. *O'Brien*, 119 Mass. 342; *Hayward* v. *Peo.* 96 Ill. 492.

Neither can the people offer evidence tending to show defendant guilty of an independent crime. *Peo.* v. *Greenwall,* 108 N. Y. 296; *Peo.* v. *Whiteman,* 46 Pac. Rep. 92; *Ryan* v. *Peo.* 79 N. Y. 594; *Peo.* v. *Brown,* 79 N. Y. 571. Nor can they inquire of defendant on cross-examination. *Clark* v. *State,* 78· Ala. 474. The information accused defendant of keeping and maintaining a nuisance, the evidence disclosed that his wife was running the place. The question should have been submitted to the jury as requested by defendant as to whether defendant intentionally allowed or permitted his wife to keep the place. *Peo.* v. *Utter,* 44 Barb. 170; *Com.* v. *Hill,* 145 Mass. 305; 6 Lawson's Cl. Def. 762; *Fanny* v. *State.* 2 Blackf. 484.

*Jeff M. Meyers,* state's attorney, for respondent.

The information before the magistrate alleges a statutory offense in the language of the statute; this is allthat is required.   10 Enc. Pl. & Pr. 483, n. 2.   In most states where a similar statutory offense exists it is not necessary in the information or indictment to particularly describe the place constituting the nuisance.   Black on Intox. Liqs. § 486; *Com.* v. *Rhodes,* 19 N. E. Rep. 22; *Com.* v. *Quinlan,* 27 N. E. Rep. 8; *Skinner* v.' *State,* 22 N. E. Rep. 115; *State* v. *Hoard,* 23 N. E. Rep. 972; *State* v. *Welch,* 7 Atl. Rep. 475; *State* v. *Hall,* 11 Atl. Rep. 181; *State* v. *Walsh,* 38 N. W. Rep. 494; *Nicholson* v. *Peo.* 29 Ill. App. 57.   This pleading fulfills strictly all the requirements of our code as to a criminal complaint. § § 7886, 7881, Rev. Codes.   It satisfies the rule with respect to such pleadings heretofore laid down by this Court. *State* v. *Barnes,* 3 N. D. 131-136, 54 N. W. Rep. 541.   Sections 7601-2, Rev. Codes, do not enact any rule for pleading an offense under the statute. Section 7614, Rev. Codes, does not abridge the rule so far as it applies to pleadings otherwise than upon actual trial.   The word "prosecution" in this statute is synonymous with the word "action."   § 5156, Revised Codes.   A proceeding before a magistrate is to determine whether the party shall be held to await future "prosecution."   It is a complete independent judicial investigation similar to that made by a grand jury. *State* v. *Hasledahl,* 3 N. D. 36, 53 N. W. Rep. 430.   Proceedings before a grand jury are in no proper sense a part of a "prosecution". *State* v. *Walcott,* 21 Conn. 297.   For the sense in which the word "prosecution" is used in the statute, see § § 7745, 7979, Rev. Codes; Sec. 8, Const. *Shulte* v. *Keokuk Co.* 39 N. W. Rep. 376.   There is ample authority in the statute for the filing of an information for a different offense than that described in the complaint before the magistrate.   § 7983, Rev. Codes.   A preliminary examination is not essential to "due process of law."   1 Bish. Cr. Pro. 239, a; *State* v. *Anderson,* 30 La. Ann. 557; *State* v. *Brett,* 40 Pac. Rep. 873; *State* v. *McGilvery,* 55 Pac. Rep. 115; *Holt* v. *Peo.* 45 Pac. Rep. 374; *State* v. *Surcties,* 34 Pac. Rep. 3.   It is the state's attorney who is required to file the statement of witnesses with his

information. § 7601, Rev. Codes. He deposited them attached together with the magistrate, this was a filing by the state's attorney and satisfies the statute. 7 Am. & Eng. Enc. L. 960; *Harris* v. *Watkins,* 5 Dak. 374, 40 N. W. Rep. 536. It is the order indorsed by the magistrate over his signature upon the complaint as provided in § 7966 and returned as provided in § 7978, Rev. Codes, that confers jurisdiction upon the District Court to entertain the prosecution. 16 Enc. Pl. & Pr. 863; *Peo.* v. *Tarbox,* 46 Pac. Rep. 896; *Peo.* v. *Wallace,* 29 Pac. Rep. 950. The indorsement was not made on the complaint in this case but the order was entered by the justice in his docket. *Peo.* v. *Wallace,* 29 Pac. Rep. 950; *Peo.* v. *Clark,* 35 Pac. Rep. 710; *Peo.* v. *Tarbox,* 46 Pac. Rep. 396. The evidence challenged was properly received. *State* v. *Kent,* 5 N. D. 516, 67 N. W. Rep. 1052; *Snell* v. *Bray,* 14 N. W. 14; *Carpenter* v. *Wiley,* 26 Atl. Rep. 488; 3 Rice, Ev. 29; *Kirkaldie* v. *Paige,* 17 Vt. 256; *Rand* v. *State,* 53 N. W. Rep. 836; *State* v. *Howell,* 23 S. W. Rep. 263; *Russell* v. *State,* 44 S. W. Rep. 159; *State* v. *Taylor,* 22 S. W. Rep. 806; *Jameson* v. *Peo.* 34 N. E. Rep. 486; *Horn* v. *State,* 15 South. Rep. 278; *Anderson* v. *State,* 46 N. E. Rep. 971. It is the keeper of the common nuisance who is punishable. § 7605, Rev. Codes. The husband is the keeper of the home. § 2764, Rev. Codes. And is guilty of the acts constituting the nuisance when done with his knowledge and consent. 1 Bish Cr. Law, 654; *Com.* v. *Woods,* 97 Mass. 224; *Com.* v. *Carroll,* 124 Mass. 30; *Hunter* v. *State,* 43 N. E. Rep. 452; 9 Am. & Eng. Enc. L. (2d Ed.) 531; Black on Intox. Liqs. § 374.

BARTHOLOMEW, C. J. The defendant has been convicted of the crime of keeping and maintaining a common nuisance, as a second offense, and has been sentenced to imprisonment in the penitentiary. He appeals from the judgment.

In his first assignment of error he urges that he has never had or waived a preliminary examination for the offense for which he was convicted or for any offense. The facts are that a complaint against the defendant, attempting to set out the offense of keeping and maintaining a nuisance, was filed by the proper state's attorney before a committing magistrate, and a warrant issued thereon. Defendant was arrested under the warrant, and, by proceedings in all respects regular, waived an examination, and was bound over to the District Court. It is now urged that the complaint before the magistrate did not set forth any public offense, in that it did not particularly describe the place where the alleged nuisance was maintained. The language of the complaint is, "in a certain frame building situate on the townsite of Pisek," in the proper county and state. No other attack is made upon the complaint. In *State* v. *Barnes,* 3 N. D. 135, 54 N. W. Rep. 542, this Court said: "We know of no case or principle of law which requires that a complaint made as a basis for a mere preliminary examination should be drawn with the fullness and technical accuracy required in cases where the prisoner is put upon his trial in a court

having authority to hear and determine the case and impose a final judgment. The system of criminal procedure which is established by the laws of this state contemplates that non-professional persons, and particularly justices of the peace, who, as a rule, are men unlearned in the abstruse rules of criminal pleading, may have frequent occasion to write out criminal complaints, to be filed as a basis for the arrest of offenders. To require of persons who are without professional training to frame criminal complaints with the same degree of technical accuracy which is required in indictments and informations would be to exact the impossible. No such rule has hitherto existed, and this Court will not lend its sanction to such a notion." And again it was said: "We hold that a complaint, after stating time and place, which names or describes an offense in general terms, and which, in addition thereto, sets out such facts and circumstances of the offense as will fairly apprise a person of average intelligence of the nature and cause of the accusation against him, will be sufficient, as a basis of an examination, even in cases, where other averments, not inserted in such complaint, would be essential to a valid information charging the same offense." The language there used would ordinarily control a case when the defect was one of form and not one of substance. The defendant was fairly apprised of the nature and cause of the accusation against him. Indeed, so far as the complaint shows, there may have been but the one building on the townsite, and the description may have been such that the defendant could not be in doubt. But the defendant urges that nothing less than absolute accuracy of description will suffice in this case. We are cited to sections 7601, 7602, Rev. Codes, each of which requires the complaint to "particularly describe" the place. But it is so clear to us that these sections, in speaking of place, have reference only to the search and seizure of property, that we need not discuss them. But section 7614, also relied upon, declares: "In prosecutions under this chapter by indictment or otherwise, it shall not be necessary to state the kind or quantity of liquor sold or kept for sale, and shall not be necessary to describe the place where sold or kept for sale, except in prosecutions for keeping and maintaining a common nuisance." It will be noticed that this section simply requires the place to be described. The particular description is not, in terms, demanded. But we may concede that the description in the complaint would be insufficient in an indictment or information for the alleged offense if attacked. The section says, "In prosecutions under this chapter by indictment or otherwise." What is meant by "prosecutions"? In a sense, the making of a complaint for the purpose of procuring a warrant of arrest upon preliminary examination is a prosecution. Should such complaint be made maliciously and without probable cause, the complainant might be liable for malicious prosecution. But we do not think the legislature intended any such meaning in this instance. Black's Law Dictionary thus defines the word: "Prosecutions. In criminal

law. A criminal action; a proceeding constituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with a crime." And this definition is in entire harmony with our statute Section 5156, Rev. Codes, reads: "An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense." In other words, a proceeding by which a party is prosecuted for the punishment of a public offense is an action. Prior to the adoption of our constitution all criminal actions triable in courts of record were, in this jurisdiction, based upon indictments. The constitution (sec. 8) gave the legislature power to change the law in that respect. But the law known as the "Prohibition Law," section 22 of which is identical with section 7614, Rev. Codes, was approved on December 19, 1889. At that time the grand jury system had not been modified, and prosecutions by information introduced. But under the constitution the legislature had power so to do. This fact explains the wording of the section. It says, "In prosecutions under this chapter by indictment or otherwise." This word "otherwise" simply meant by such other process as the legislature might substitute for the indictment, and in no manner referred to proceedings on preliminary examination. This leads to the conclusion that the complaint did, for the purposes of a preliminary examination, state a public offense, and consequently the defendant had or waived an examination for a public offense.

The next assignment urged is more important. The complaint at the preliminary examination charged the defendant with keeping and maintaining a common nuisance, and for that offense he was placed under bonds for his appearance in District Court. For this offense the punishment could not exceed imprisonment in the county jail for one year and a fine of $1,000. The offense is a misdemeanor. In the District Court the defendant was informed against for keeping and maintaining a common nuisance as of a second offense. For this offense the punishment cannot be less than confinement in the penitentiary for one year, and may be for two. The offense is a felony. Counsel for the defendant urge that the defendant has never had or waived a preliminary examination for the offense charged in the information, and that the state's attorney was without authority to file an information against defendant for an offense for which he had not had or waived a preliminary examination, and for which he had not been recognized to appear in District Court. We notice first that in this state a party charged with a public offense has no constitutional right to a preliminary examinaton therefor. If entitled thereto, it must be by virtue of some statute. State v. Barnes, supra, was decided under a statute (section 8, Ch. 71, Laws 1890) which declared, "No information shall be filed against any person for any crime or offense until such person shall have had a preliminary examination therefor, as pro-

vided by law, before a committing magistrate or other officer having
authority to make preliminary examinations, unless such person shall
waive his right to such examination;" and in that case the Court
said: "The manifest purpose of this provision of the statute is,
with the exceptions specified in the statute, to prohibit the state's
attorney from filing an information in the District Court, charging
any person with a public offense, until the person accused has first
had or waived a preliminary examination before an examining magis-
trate upon a complaint charging the offense set out in the informa-
tion filed in the District Court." That such decision was right,
under the statute, we have no doubt, but since that decision the
legislature has seen proper to radically change the statute. With
the wisdom or policy of that change we have nothing to do. It
is now provided by section 7982, Rev. Codes, that, at each term
of the District Court for any county or judicial subdivision where
no grand jury has been called, the state's attorney shall file informa-
tions "against all persons accused of having committed a crime or
public offense within such county or judicial subdivision or triable
therein: (1) When such person or persons have had a preliminary
examination before a magistrate for such crime or public offense
and, from the evidence taken thereat, the magistrate has ordered that
said person or persons be held to answer to the offense charged or
some other crime or public offense disclosed by the evidence. (2)
* * * (3) When a person accused of a crime or public offense is
arrested and waives, in writing, or if before a magistrate, orally, a
preliminary examination therefor." Section 7983 reads as follows:
"The state's attorney of the county or judicial subdivision in which
any person charged with the commission of a crime or public offense
has been held to answer, or other person appointed by the court as
provided by law to prosecute, must make full examination and in-
quiry into the facts and circumstances touching any crime or public
offense committed by the accused and triable in said county or
judicial subdivision, and must file an information setting forth the
crime committed according to the facts ascertained on such ex-
amination and inquiry and from the written testimony taken before
the magistrate, whether it is the offense charged in the complaint
upon which the examination was had or some other offense" It is
clear from these provisions that in filing an information the state's
attorney is not limited strictly to the offense named in the complaint.
How far he may depart therefrom we are not now called upon to
decide. To this extent we are clear: The state's attorney may file
an information for any offense covered by the allegations in the
complaint, or growing out of the transaction therein set forth or
necessarily connected therewith, and of which the accused must
know himself to be guilty if guilty of the matter charged in the
complaint. In the case at bar the added allegation covered no fur-
ther criminal act or criminal purpose on the part of the accused.
It simply alleged the existence of a precedent fact, the existence of
which, if it existed, the accused necessarily knew, and, as he was

bound to know the law, he knew the consequences of the existence of such precedent fact. It was a fact moreover, which, if proved at all, must be proved by a record that imports absolute verity, and that cannot be contradicted or explained away. There was therefore no possibility that the accused could be surprised or prejudiced by reason of the added allegation, and under our statute it was clearly proper. As opposed to this holding, we are cited to *People* v. *Christian,* 101 Cal. 471, 35 Pac. Rep. 1043, and the California cases there cited. But section 8, Art. 1, of the California constitution gives the accused a constitutional right to a preliminary examination, and the court holds that the information must be based upon the complaint, or at least upon the evidence taken at the preliminary hearing. *State* v. *Jarrett,* 46 Kan. 754, 27 Pac. Rep. 146, is also cited. But that case was decided under a statute. identical with the statute under which *State* v. *Barnes* was decided. And *Kinley* v. *State* (Tex. App.) 16 S. W. Rep. 339, is also based entirely upon a statute radically different from ours.

It is urged as a jurisdictional defect in this case that, while the complaint before the committing magistrate was verified by the state's attorney on information and belief, yet the state's attorney failed to file with such complaint the depositions taken by him pursuant to section 7601, Rev. Codes, and which the law requires should be filed in order to authorize a complaint upon information and belief. The record shows that the deposition was taken as the law requires, and when the complaint was handed to the magistrate by the state's attorney the deposition was attached thereto. The magistrate marked the complaint as filed, but placed no filing mark on the deposition. The state's attorney had performed his full duty. The magistrate acquired jurisdiction. No filing mark was necessary. 7 Am. & Eng. Enc. L. (1st Ed.) 960; *Harris* v. *Watkins,* 5 Dak. 374, 40 N. W. Rep. 536.

A further jurisdictional objection is urged, in that the committing magistrate failed to indorse his order of commitment on the complaint as required by section 7966, Rev. Codes. The proper order was, however, entered in the docket which the law requires the committing magistrate to keep, and a copy of such docket entry was returned to the District Court, as required by section 7978, Rev. Codes. This was sufficient. It is the entry of the order that gives jurisdiction. *People* v. *Wallace,* 94 Cal. 497, 29 Pac. Rep. 950; *People* v. *Tarbox,* 115 Cal. 57, 46 Pac. Rep. 896. Our statutes on this point are practically identical with those of California. Nor is there anything in the point that the magistrate made no proper commitment of accused as required by section 7970, Rev. Codes. That relates merely to the protection of the officer who holds the accused. It does not affect jurisdiction.

Several assignments of error relate to the admission and rejection of testimony. They require no extended discussion. One Vavrowski was permitted to testify, over defendant's objections, concerning a certain conversation that he had with defendant relative

to a witness named Martin, and also as to a conversation that he heard between the defendant and said witness. This testimony showed that the witness Martin was what defendant called a "spotter,"—which, as we undersand it, means that he was employed to detect violations of the prohibition law,—and that he was the party that had given information against defendant, and was also a witness in the case, and that defendant was threatening Martin with violence. These threats were evidently made for the purpose of intimidating Martin, and their admission in evidence was proper. Any attempt to destroy or withhold evidence raises a presumption that such evidence is detrimental to the party seeking to destroy or withhold it. 11 Am. & Eng. Enc. L. (2d Ed.) 504, and cases cited in note. Consequently it is confirmatory of such evidence. *Kirkaldie* v. *Paige*, 17 Vt. 256.

The defendant was a witness in his own behalf. On cross-examination he was required, against his objections, to state whether or not since his release from imprisonment under a former conviction, and before his arrest in this case, he had not been arrested, charged with a similar offense, and whether or not he had not resisted the officer who made the arrest. This is urged as error. The right of the state to cross-examine a defendant in a criminal case, who voluntarily goes upon the witness stand in his own behalf, as to collateral crimes, in order to affect his credibility, even when such examination tends to degrade the witness, was, upon a full examination of the authorities, established in this jurisdiction in the early case of *Territory* v. *O'Hare*, 1 N. D. 30-44, 44 N. W. Rep. 1003. We again examined the question and reannounced the same rule in *State* v. *Kent*, 5 N. D. 516-551, 67 N. W. Rep. 1052. The cross-examination pursued in this case was fully warranted under these decisions.

All of the instructions asked by defendant were refused. There was no error in the refusal. The second instruction asked was not warranted by any evidence in the case. The others, so far as they correctly state the law, were fully and fairly covered by the instructions given. The Court, on its own motion, instructed the jury as follows: "If the wife, in the house kept and used by her and her husband as a domicile, kept and used the tenement between the dates named in the information as a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or if she kept intoxicating liquors at the tenement, between the dates mentioned. for sale, barter, or delivery as a beverage, contrary to law, or if, between the dates mentioned, she permitted persons to resort to the tenement for the purpose of drinking intoxicating liquors as a beverage, in violation of the laws of this state, then I charge you that the husband would be responsible for such use of the tenement, if it was with his knowledge and consent. If the wife keeps it of her own free will, without the husband's consent, and against his will, then the husband would not be guilty." And again: "Although the wife may own or rent the property in

which they live, it is incumbent upon the husband to exercise his marital powers to prevent her from keeping and maintaining in the tenement any common nuisance contrary to the laws of our state. If he fails to do so, but permits a common nuisance to be kept and maintained in the tenement by his wife, and enjoys the fruits of the illegal traffic, then he must share with her the responsibility therefor." Counsel urge very strongly that these instructions do not correctly state the law. The evidence in this case shows that the wife owned the property where the nuisance was maintained, and that the property was occupied by the defendant and his wife and five children as their home. There is testimony tending to show that the wife conducted the unlawful business. It is certain, however, that defendant had full knowledge that it was being conducted. The defendant testified that he objected to it, and told his wife that it must stop. There is other evidence from which a jury might conclude that defendant assented to and participated in the business. The charge was keeping and maintaining a common nuisance. A nuisance, in this connection, is defined by section 7605, Rev. Codes, to be a place where intoxicating liquors are sold, bartered, or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter, or delivery in violation of law. It is not the selling that constitutes the nuisance, nor the keeping for sale, nor the resorting for the purposes of drinking, but it is the keeping the place where any or all of these things are done. In this instance, then, who was the keeper of this place? Webster defines a keeper as "one who has the care, custody, or superintendence of anything." When the husband lives in the house and exercises acts of control and management, he is the keeper, notwithstanding the wife may own the building and carry on the business therein, and receive all the profits. *Com.* v. *Wood*, 97. Mass. 225. The case of *Com.* v. *Carroll*, 124 Mass. 30, is directly in point. There the Court approved the following instruction: "Even if the wife carried on the traffic, and the husband had no interest in the stock in trade or in the profits, that fact alone would not exempt the defendant from the charge in the indictment. The statutes which give a married woman the right to carry on business on her separate account do not deprive a husband of his common-law right to control his own household. He has the power to prevent his wife from using his house for an illegal purpose, and, if he permits her so to use it, he becomes a participator in the misdemeanor. Where husband and wife are living together in the ordinary manner, this would be, prima facie, the liability which he was under, although this was liable to be rebutted in any particular case, if the circumstances of the case were such that the jury believed that the husband did not in fact permit and suffer the use aforesaid; and in this case the fact that the wife owned the house did not abridge the husband's right to control its use while occupied as their home." See, also, *Hunter* v. *State* (Ind. App.) 43 N. E. Rep. 452. Section 2764,

Rev. Codes, reads: "The husband is the head of the family. He may choose any reasonable place or mode of living and the wife must conform thereto." No rights that our statute give to married women to contract or transact business in their individual names, or to own property, in any manner affect the position of the husband as head of the family. All the rights, duties, and responsibilities of the position devolve upon him. He controls the family and the home. Nothing can be brought into or kept in the home residence against his will, nor can any persons resort there if he oppose. Having this right and this power, he keeps and maintains the home; and if he knowingly suffer articles upon which rests the ban of the law to be kept and sold in his home, and if he knowingly suffer persons to resort there for the purpose of drinking intoxicating beverages, contrary to law, then he, in law, assents that such things should be done in his home, and he is the person who keeps the place where the forbidden acts are done and the prohibited articles kept. He is at least a participator with his wife in the crime, and it is entirely immaterial in whose name the title to the property may stand. We find no error in the record, and the judgment of the District Court is affirmed. All concur.