THE STATE OF KANSAS v. WESLEY G. HOBBS.

No. 11,953.   (64 Pac. 73.)

1. JURY AND JURORS—*Irregular Proceedings in Felony Case Cured.* Where, in a trial for a felony, the jury were brought into court in the absence of the defendant, and, in response to a request for further instructions, the court read to them a written instruction bearing on the subject, and then orally advised them that the language of such instruction was plain, that it meant precisely what it said, for which reason the court would not give additional instructions; and where the court, during such absence of the defendant, directed the jury to retire to their room, and advised them carefully to consider the evidence and the instructions of the court and to act in a spirit of conciliation and with a desire to arrive at a just and proper verdict; and where, before the jury had left the jury-box, the defendant was brought into court and in his presence they were directed to disregard all that had taken

place in his absence, and all that had transpired in the absence of the defendant was then reenacted in his presence, the error committed by the trial court in conducting proceedings appertaining to the trial when the defendant was not personally present should be regarded as having been cured.

2. ———— *Error from Objectionable Remarks of Judge not Inferred.* Where some of the remarks of the trial judge to the jury are objectionable, and might be treated as oral instructions, still, when the judge, after making such remarks, informs the jury that he does not desire or design to give them any additional instructions, and that they must remember that the written instructions are their sole guide, this court will not, from the mere fact that such oral statements were made by the trial judge, infer that error prejudicial to the rights of the defendant was thereby committed.

Appeal from Clark district court; E. H. MADISON, judge. Opinion filed March 9, 1901. *In banc.* Affirmed.

#### STATEMENT.

IN this case the defendant was tried and convicted of the embezzlement of a gelding in Clark county. It was claimed that the gelding was sold by the defendant outside the state of Kansas, wherefore the question as to whether the defendant, within Clark county, Kansas, "conceived the felonious intent" to embezzle the same became material, and although the evidence is not in the record it seems to be assumed that it was in controversy on the trial. The defendant brings the case here for review, alleging error as follows:

After the jury had retired to consider their verdict, and after they had been out over night, they requested additional instructions. They were brought in and seated in the jury-box, the defendant being confined in the jail of said county, and the court made oral statements to the jury, as follows:

By the .court: "You have asked me for additional instructions upon instruction No. 8" (which related

to the place where the felonious intent to embezzle the gelding had been formed). "I cannot give them to you, for the reason that instruction No. 8 is written in plain and concise language—language employed by the people of this country, and everybody understands it, and I presume you do. I could not make it any plainer if I wrote a volume in regard to it. I will read it again." (Here the court read the first clause of instruction No. 8, and then added) : "Now, that means exactly what it says—that you have the right to take that into consideration in making up your minds whether or not he did form the intent in this county. I cannot say anything else. I cannot explain any further. I cannot decide the matter for you ; I have said to you in the instructions that you are the judges of these matters."

The court then read the remaining clause of said instruction No. 8, and then remarked :

"Now that is plain ; I could not make it plainer. It means what it says—that you have the right to take into consideration and give them such weight as you think them entitled to in determining this question of whether or not the intent to embezzle was formed in this county. You are the judges ; it means you have the right to take these matters into consideration. That is all, gentlemen, I don't think I could make that any plainer.

"I don't want to know how this jury stands ; that is, I don't want to know how many of you stand for the defendant or for the state—that is, how many for acquittal or conviction ; but I want to know how you stand relatively—that is, whether it is six to six, four to eight, whatever it is. What is it, how do you stand at this time?"

By the foreman : "Eight to four."

By the court : "How long have you stood that way?"

By the foreman : "We have stood that way from the first ballot."

By the court : "Now, then, gentlemen, retire to your

jury-room, and carefully discuss the evidence in this case and carefully read the instructions."

By the juror Cassity: "May I ask one question?"

By the court: "Yes, sir."

By the juror Cassity: "Is it important whether the act be done" (the act of bad faith) "before the horse was sold or afterwards? Does it make any difference?"

By the court: "Those are matters you will have to find from the instructions; I have attempted to cover the whole ground. There is no evidence introduced in this case but what was competent for you to consider, and I have told you so in the instructions, and I think the instructions cover that proposition. The evidence is before you, and whatever has been admitted is proper for your consideration.

"Now, I hope you will go back, and that, in a spirit of conciliation and a desire to arrive at a just and proper verdict, whatever in your consciences you think it may be, and with regard to the law and the evidence, you will carefully consider the instructions of the court and carefully consider the evidence, and, if possible, harmonize your differences; that is, if you can harmonize them in accordance with the law and evidence, and in a spirit of conciliation carefully consider that matter."

At this time H. J. Bone, one of the attorneys for the state, called the court's attention to the absence of the defendant, upon which the court observed: "I thought he was here; send for the defendant, and I will repeat it." Upon the arrival of the defendant in court, the judge orally directed the jury as follows:

"Now, gentlemen of the jury, whatever was said previous to the time the defendant was brought in here you will not consider at all, and it will be necessary for us to repeat all the matters we have gone through before in his presence."

Thereupon the court proceeded to go over, in substance, and almost in the precise terms before em-

ployed, everything that had occurred in the absence of the defendant, and, after doing so, he distinctly stated to the jury that he did not design or desire to give them any additional instructions, and cautioned them to remember that the written instructions were their sole guide, and anything that may have been said to the contrary was not intended, but what the court did intend to do was simply to reiterate.

*A. A. Godard*, attorney-general, *A. J. Myers*, county attorney, and *J. M. Grasham*, for The State.

*Thomas B. Wall*, for appellant.

The opinion of the court was delivered by

ELLIS, J. : The contention of the appellant is that "the proceedings had in the absence of the defendant were a part of the trial and did not cease to be so because reenacted in his presence," and he urges that section 213 of the criminal code (Gen. Stat. 1897, ch. 102, §213; Gen. Stat. 1899, §5457), which provides that "no person indicted or informed against for a felony can be tried unless he be personally present during the trial," was violated. It is also insisted that error was committed by the giving of oral instructions to the jury, contrary to the provisions of section 234 of the criminal code (Gen. Stat. 1897, ch. 102, §234; Gen. Stat. 1899, §5489), which provides that "the judge must charge the jury in writing, and the charge shall be filed among the papers of the cause."

The proceedings in the absence of the defendant were such as ought never to have been conducted without his presence in court. It is quite certain, however, that he was not prejudiced by anything done before he was brought into court, for, before the jury were permitted to retire for further deliberation,

the defendant's absence was discovered, he was sent for, and upon his arrival the court cautioned the jury to disregard all that had occurred in his absence.  It seems very clear that no right of the defendant can be considered as having been imperiled by that which transpired when the jury was first brought into court, for the reason that they were expressly directed by the trial judge to disregard it, and for the further reason that the jurors would certainly be most likely to remember, and, therefore, to act upon, the words last spoken to them by the court.

The learned counsel for the appellant relies chiefly, as to his first assignment of error, upon the case of *The State v. Myrick*, 38 Kan. 238, 16 Pac. 330, but in that case the trial court, in the absence of the defendant, gave written instructions "as to what constitutes manslaughter in the second and third degrees," and also included "a phase of the law relating to assault and battery."  In the case at bar, the court in direct terms declined to give the jury any additional instructions, and, in any view which may be taken of the remarks made by the judge, we think the cases clearly distinguishable.  The error committed by the court in conducting proceedings appertaining to the trial when the defendant was not personally present was cured by the admonition of the court and the repetition of all that had transpired, as above set forth. (*State of Iowa v. Hutchinson*, 95 Iowa, 566, 64 N. W. 610.)

The second assignment of error is far more difficult, and, in the estimation of the writer, involves very grave doubts, but a majority of the court are of opinion that, from the particular facts and circumstances of this case, prejudice to the rights of the defendant cannot be fairly deduced from the words employed by the

trial judge.  That a trial judge ought not to repeat a part of the instructions and tell the jury that the words mean just what they say, that he could not make them plainer, is not denied.  That a judge should not give the jury oral directions to go back to the jury-room and endeavor, in a spirit of conciliation, to harmonize their views; that he should not direct the foreman to see that a ballot is taken every fifteen minutes; that they should not be informed that he intends to keep the jury until it has agreed upon a verdict, is admitted.  That the rights of the defendant would be jeopardized by any or all of these statements on the part of the court is a more doubtful proposition.  In other words, prejudicial error will not be inferred from the mere fact that the trial judge made brief oral statements to the jury, but the court will look into the record for information, and will consider all that is said, and the circumstances under which the remarks complained of are made, before deciding to reverse a case therefor.

In the case of *The State v. Potter*, 15 Kan. 303, our statute requiring the charge to the jury to be in writing is compared to those of other states, and several decisions of other courts are cited.  Mr. Justice Brewer, in the opinion, said:

"It will be noticed from this review that our statute is not so specific or minute in its restriction upon the action of the court as those of several other states. The language is general, and simply calls for a written charge, and requires it to be filed among the papers."

The several propositions "deduced from the authorities" by the learned judge (p. 320) are worthy of studious consideration.  In that case the foreman of the jury asked the following question: "I ask whether

The State v. Hobbs.

a party could be an accessory, aider or abetter of another who committed the crime of manslaughter in the second degree?'' Thereupon the court gave written instructions, and stated orally to the jury the following:

"I mean by that, that makes him principal, and not accessory. There is no such thing, in my judgment, as accessory to this case. Those acts make him principal, and should be regarded by you as principal, and not accessory. He is either principal, or nothing.''

The court held that these oral statements did not constitute error, as they were made in direct response to a question propounded by the jury. We think that case presented stronger reasons for inferring prejudice to the defendant's rights than does the one at bar. Besides, in that case there was no direction or caution given to the jury not to consider the oral statements, as there was in the one we are considering.

As to the advice given to the jury in regard to their conduct and the spirit in which they should act in their deliberations, the case presents an analogy to the case of *Territory v. King*, 6 Dak. 132, 50 N. W. 623. The third clause of the syllabus in that case is as follows:

"A jury having been out twenty-eight hours in a prosecution, for a felony, and having been brought in for further instructions, the court, after giving the instructions, stated to them : 'I think you will be able to arrive at a verdict in this case ; the case has been twice tried, at a great deal of expense to this county, and it seems to me, gentlemen, that you ought to agree on a verdict.' *Held*, that while these remarks were objectionable, they would not warrant setting aside the verdict.''

In *The State v. Garrett*, 57 Kan. 132, 45 Pac. 93, the third clause of the syllabus reads as follows :

"An oral statement made by the judge to the jury after the case had been submitted to them, in which he admonished them that it was important that they should agree upon a verdict, and directed their return to the jury-room to make another effort to that end, examined, and held not to constitute prejudicial error."

In neither of the cases just cited was any effort made to cure the error committed by the court in giving the oral directions complained of, while, in this case, at the very close of the proceedings had in the presence of the defendant, and just before the jury retired for further deliberation, the court made the following statement :

"I do not desire or design to give you any additional instructions, and you are to remember these written instructions are your sole guide, and anything that may have been said contrary to them is n't intended. What I have intended to do is simply to reiterate."

We think that, under the circumstances of this case, it is fairly to be presumed that the jury gave heed to this final statement of the court, which certainly required them to follow the written instructions and be guided by them alone, and if they did do so, the words thus spoken would operate as a cure of former errors.

Therefore, in the opinion of this court, no prejudicial error was committed by the trial court, and its judgment will be affirmed.