The opinion of the Court was delivered by
Tilghman C. J. —
This is an action of slander, and the only question is, whether the words laid in the declaration are actionable. The words were, “ that the plaintiff stole a dog.” The objection is, that a dog is not a subject of felony, and therefore it was impossible the plaintiff should steal one. It is conceded by the counsel for the plaintiff, that, by the common law, a dog is not that kind of property of which there can be a felony. It is so laid down by Hale and Haw* *572 kins, who have been followed by all subsequent writers ok criminal law. But it is contended, that a dog is included in the general words, “goods and chattels^ made use of in “the Act to reform the Penal Laws of this State,” passed the 5th of April, 1790, 2 Sm. L. 531. By the fourth section of this Law, it is enacted, that “ if any person shall feloniously steal, take, and carry away any goods or chattels under the value of twenty shillings, and be thereof legally convicted, he shall be deemed guilty of petty larceny,” &c. But there is no reason for supposing, that it was intended, by this Act, to extend the crime of larceny beyond its ancient limits. That would be a singular construction of a law, the object of which was, to mitigate the penal code. By the words any goods or chattels, we are to understand any such goods or chattels as have been esteemed subjects of larceny. This will be clear enough, when we consider, that in another sec» tion of the same Act, it is provided, that robbery or larceny of any bonds, bills, See. shall be punished in the same manner as robbery or larceny of any goods or chattels. Bonds, bills, &c. are goods or chattels ; and yet it was thought necessary to declare them subjects of felony, by a special provision ¡ which shows, that the words goods or chattels, before men* tioned, were to be taken, not in their most extensive signifi» cation, but according to their usual import in the criminal law. Constructive felonies are odious and dangerous. It is time enough for the Court to say that a thing is a felony, when the Legislature has plainly declared it. . The owners of dogs are not without remedy, against those who take then? away. They may recover ample damages in a civil action. It is the opinion of the Courts therefore, that there can be no felony of a dog. Consequently, the words laid in the decía» ration in this case, are not actionable; and the judgment must be reversed.
Judgment reversed.