Rex, J.
The defendant was indicted at the March term, 1872, of the Court of Common Pleas of Logan county, for burglary.
The burglary consisted of breaking and entering a stable in the night season, with intent to steal property of value contained therein, to wit, a dog found therein, the property of the owner of the stable, of the value of twenty-five dollars.
The defendant moved to quash the indictment on the ground that it did not charge him with the commission of an offense which was punishable by the criminal laws of this state.
*401 The court sustained the motion, and ordered the defendant to be discharged, holding “ that there is no law authorizing the indictment, and that it does not charge a crime, offeuse, or misdemeanor.”
The prosecuting attorney excepted to the ruling and decision of the court, and presented a bill of exceptions, embodying the indictment, motion, ruling, and decision of the court, and the exceptions taken thereto, which was signed and sealed by the court, and made part of the record in the case.
The only question presented by the exception is: Is the stealing of a dog a crime in this state ?
The property intended to be stolen by the burglar must be property of which .a larceny may be committed. We have no statute that, in express terms, declares a dog to be the subject of larceny ; but it is claimed that inasmuch as the right of property in dogs is protected by civil remedies, and as a recent statute of this state requires them to be listed for taxation, they are property, and therefore properly the subjects of larceny.
We do not think so. Neither the fact that the right of property in dogs is protected in this state by civil remedies, nor the fact that recent legislation requires them to be listed for taxation, have the effect of enlarging the operation of the statutes defining and punishing larceny.
At the common law, although it was not a crime to steal a dog, yet it was such an invasion of property as might amount to a civil injury, and be redressed by a civil action. 2 Chit. Black, 398, 394; 1 Bish. Or. Law, 1080.
In describing the property of which a larceny, either grand or petit, may be committed, the statutes of this state use the words “ goods and chattels.” These words at the common law have a settled and well-defined meaning, and when used in statutes defining larceny, are to be understood as meaning such goods and chattels as were esteemed at the common law to be the subjects of larceny. As dogs, at the common law, were held not to be the subjects of larceny,. *402 they are not included in the words “goods and chattels,” as used in the statutes referred to.
Bonds, bills, notes, etc., are goods and chattels, and yet, as they were held not to be the subjects of larceny at common law, it was deemed necessary to so enlarge the larceny statutes as to declare the stealing or malicious destruction of them punishable in the same manner and to the same extent as the larceny of money or other goods and chattels of the same value.
So with dogs. It will be time enough for the courts to say that a dog is the subject of larceny when the lawmaking power of the state has so declared. “ Constructive crimes are odious and dangerous.” Findlay v. Bean, 8 Serg. & Rawle, 571.
We are therefore of opinion that the Court of Common Pleas did not err in the ruling and decision excepted to.

Fxeevtions overruled.

White and McIlvaine, JJ., concurred. Welch, C. J., and Gilmore, J., dissented.