*In the Matter of the Petition of* CHARLES HEITMAN, *for a Writ of Habeas Corpus.*

MALICIOUS PROSECUTION — *Costs* — *Illegal Imprisonment.* In a preliminary examination of a defendant charged with felony, the magistrate discharged the defendant and found that the prosecution was instituted maliciously and without probable cause, and adjudged that the prosecuting witness pay the costs, and stand committed until they were paid. Failing to pay the costs, the prosecuting witness was committed to the county jail. *Held,* In a proceeding in *habeas corpus,* that the imprisonment was illegal.

*Original Proceeding in Habeas Corpus.*

PETITION filed in this court on October 8, 1888.    The facts are sufficiently stated in the opinion, filed at the session of the court in March, 1889.

*Hiram C. Root,* for petitioner.

*S. B. Bradford,* attorney general, and *Charles Curtis,* county attorney, for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: Charles Heitman made and filed a complaint before A. F. Chesney, a justice of the peace within and for the city of Topeka, charging one J. B. Adams with the commission of a felony.    A preliminary examination was held, which resulted in the discharge of Adams, and the magistrate found that the prosecution was brought maliciously and without probable cause, and he adjudged that the prosecutor, Heitman, pay the costs of the prosecution, taxed at $29.90, and that he stand committed to the jail of Shawnee county until they were paid. Failing to pay the costs, he was taken into custody under the order mentioned, from which imprisonment he seeks to be released by the writ of *habeas corpus.*

The question is, had the committing magistrate authority to imprison the petitioner for a failure to pay the costs adjudged against him?    Unless the authority is expressly given by statute, it does not exist.    Provision is made in the statute for making the prosecutor liable for the costs in cases like the present, but it stops short of empowering the magistrate to enforce the liability by imprisonment.    In §34, chapter 39, Comp. Laws of 1885, it is provided "that in all cases where any person shall be arrested, charged with felony, and the court shall decide that there were not reasonable grounds for such arrest, and when any person charged with an offense less than a felony shall be discharged for want of sufficient evidence to convict or bind over, the prosecuting witness shall be liable for costs."    In § 327 of the criminal code it is also provided

that if a person charged with a felony shall be discharged by the officer taking his examination, the costs shall be paid by the prosecuting witness, unless the court shall find there was probable cause for instituting the prosecution, and that the same was not instituted from malicious motives. It will be seen that neither of these sections empowers the magistrate to enforce the payment of costs by imprisonment. Section 326 of the criminal code is referred to as authority to commit the prosecutor, but when its terms are examined, it will be found to have no application. It relates to trials, and not to preliminary examinations, as it is expressly provided that the prosecutor shall only be liable to commitment " whenever it shall appear to the *court or jury trying the case* that the prosecution has been instituted without probable cause and from malicious motives." Nor does § 252 of the criminal code authorize the enforcement of the judgment by imprisonment, as that is found in the article concerning " verdict and judgment, and proceedings thereon," and relates only to the procedure following a trial. Neither does § 18, chapter 83, Comp. Laws of 1885, furnish any authority for the imprisonment of the petitioner. It applies alone to trials for misdemeanors before a justice of the peace, and has no reference to the examination of persons charged with felonies. No other statute is suggested as furnishing authority to the magistrate to commit a prosecuting witness adjudged to pay costs, and we think no such authority exists. It may be, as argued, that there is as much reason for authorizing the magistrate to commit the prosecuting witness for failure to pay costs adjudged against him when the prisoner is discharged at the end of a preliminary examination, as there is to enforce a judgment of a court after a trial wherein it is found that the prosecution was malicious and without probable cause; but the legislature has specially granted the authority in one instance, and withheld it in the other. Imprisonment as a means of enforcing a judgment for costs or for any other purpose cannot be employed or imposed, except the authority therefor is clearly conferred by the statute. (*In*

*re Mitchell, Petitioner*, 39 Kas. 762.) As the imprisonment of the petitioner is not so authorized, he must be discharged.

All the Justices concurring.