## L. V. HAMBY v. C. C. SAMSON, Sheriff, Appellant.

Larceny: DOG. A dog is the subject of larceny, being comprehended in the term "chattels," as used in Code, 1873, section 3902, defining such crime.

*Appeal from the judgment and order of* HON. W. B. QUARTON, Judge, Kossuth County.

FRIDAY, APRIL 8, 1898.

THIS is a *habeas corpus* proceeding, in which plaintiff alleged that he was unlawfully restrained of his liberty by the defendant, who is sheriff of Kossuth county, under a warrant of commitment issued by a justice of the peace of said county on an information charging the plaintiff with the crime of larceny of a dog. The district judge discharged the petitioner, and defendant appeals.— *Reversed.*

*Raymond & Raymond* for appellant.

*Clarke & Cohenour* for appellee.

DEEMER, C. J.—The sole question presented by this appeal is whether or not a dog is the subject of larceny. That it was not at common law is conceded. The reasons for this were twofold: *First*, because it had no intrinsic value; and, *second*, because it was not fully domesticated,—but by nature base. The courts held that dogs, although reclaimed, could not be used for food, but were kept for the mere whim or pleasure of their owners, and therefore had no intrinsic value. A great deal of research and eloquence has been wasted in attempting to show the fallacy of this rule. It appears to be well

settled, however, that, in the absence of statutory mod-
ification of the common law, dogs are not the subject of
larceny. *State v. Lymus*, 26 Ohio St. 400; *State v. Doe*,
79 Ind. 9. When the statute relating to larceny covers
"personal property in general," or "anything of value,"
some courts hold that a dog is included, and becomes
the subject of larceny. *Mullaly v. People*, 86 N. Y. 365;
*Harrington v. Miles*, 11 Kan. 480; *Hurley v. State*, 30
Tex. App. 333 (17 S. W. Rep. 455); *State v. Yates*, 10 Cr.
Law Mag. 439. But the cases are by no means harmon-
ious upon this proposition. See *Ward v. State*, 48 Ala.
161. In some states it is suggested that in subjecting
dogs to taxation they are thereby made the subject of
larceny under the generic terms "personal property" or
"chattels" found in the statutes. *Com. v. Hazelwood*,
84 Ky. 681 (2 S. W. Rep. 489); *Mullaly v. People, supra,*
It is also said by other quite as respectable courts that
these taxes are not imposed on the theory that dogs are
property, but as police regulations, and therefore such
taxation does not bring them within the statute. *State
v. Doe* and *State v. Lymus, supra.* See also *Sentell v.
Railroad Co.*, 166 U. S. 698 (17 Sup. Ct. Rep. 693). Our
statute (Code 1873, section 3902) makes it a crime for any
one to steal any money, goods, or chattels of another;
and, if dogs are intended to be included, it must be under
the terms "goods and chattels." That they are not
goods is clear. "Chattels," however, is a broader and
more comprehensive term, and includes all kinds of
property except the freehold and things which are a
parcel of it. The supreme court of Kentucky, in the case
of *Com. v. Hazelwood, supra*, held that a dog was a "chat-
tel," basing its holding upon the thought that the laws
of that state recognized dogs as property, for the reason
that they imposed a tax upon them, made the owner
liable for damages done, and recognized the animal as
property in all civil proceedings. But the supreme court

of Pennsylvania, in the case of *Findlay v. Bear*, 8 Serg. & R. 571, held to exactly the contrary doctrine. See, also, *Reg. v. Robinson*, 28 Law J. Mag. Cases, 58. Those courts which hold that a dog is not "personal property," a "thing of value," or a "chattel" bottom their conclusion upon the assumption that it is not property in the strict sense of that term, and that dogs as a class have no intrinsic value. In the case of *Warren v. State*, 1 G. Greene, 106, we held that a raccoon was *farae naturae*, and of so base a nature, in contemplation of law, as that one who stole it was not guilty of a larceny; citing *Norton v. Ladd* 5 N. H. 204. But in the subsequent case of *Anson v. Dwight*, 18 Iowa, 241, which was, it is true, a civil case, we said, "Dogs may be personal property, and have value." Neither of these cases decides the question now before us, although it must be conceded that, if we follow the rule of the *Warren Case* to its logical conclusion, and hold that the terms "goods and chattels," as used in this criminal statute, are to be interpreted according to the strict rules of the common law, we must ultimately decide that dogs are not the subject of larceny. Code 1873, section 45, par. 2, provides that words and phrases should be construed according to the context and the approved usage of the language; paragraph 10, that "the word 'property' includes personal and real property"; and that (paragraph 9) the words "personal property" include, money, goods, chattels, evidences of debt and things in action. In the case of *State v. Phipps*, 95 Iowa, 491, we held that the word "chattel," as used in the criminal statute relating to malicious mischief, covered horses and every other kind of personal property. We are constrained to believe that the definition of the words "goods and chattels," as used in the statute under consideration, should be referred to the common understanding at the time when the statute was enacted, and not to the strict

rules of the common law that have no application to our present ideas with reference to the value and use of domesticated animals. No argument is needed to demonstrate that dogs are of much greater value to man than some animals to which the common law attributed value because of their use for food. Much that is said by Justice Earl in the *Mullaly Case* might be quoted with profit, but the length of this opinion forbids. There are other provisions of the Code of 1873 which recognize property in dogs. Thus we find that an *owner* is liable for all damages done by *his* dog (section 1485); that dogs are assessable both by the county and city authorities (see Acts Twentieth General Assembly, chapter 70, and section 499, Code 1873); and that cities may require dogs to be kept upon the premises of the owners thereof (Seventeenth General Assembly, chapter 25). While these are all in the nature of police regulations, yet they clearly recognize property in dogs; and it seems to us they are comprehended within the term "chattels" as used in the statute defining larceny. Surely, it was not the intent of the legislature to recognize dogs as property for the purposes of taxation, and yet leave them to the mercy of thieves. We reach this conclusion unmindful of the fact that the legislature in adopting the new Code added after the word "chattels" as it appears in the Code of 1873 these words: "Including all domesticated or restrained animals." In our opinion, the statute covered "dogs" before its amendment, and the added words have reference to other animals not covered by the generic term "chattels." We are of opinion that a dog is the subject of larceny, and that the trial court erroneously discharged the appellee.— REVERSED.