*In re* POOL GRINSTEAD.

No. 12,859.    (68 Pac. 638.)

SYLLABUS BY THE COURT.

CRIMINAL PROCEDURE—*Imprisonment for Costs.* Only in cases where a fine is imposed has a court the power to commit a defendant to jail for the non-payment of costs.

Original proceeding in *habeas corpus.* Opinion filed April 5, 1902. Petitioner discharged.

*A. M. Harvey*, and *W. W. Harvey*, for the petitioner.
*S. M. Brewster*, county attorney, for the respondent.

The opinion of the court was delivered by

GREENE, J.: This is an original proceeding in *habeas corpus*. The petitioner, Pool Grinstead, was convicted of criminal libel in Doniphan county and sentenced to imprisonment for a definite period and until the costs should be paid. The time for which he was committed expired prior to the filing of his petition herein, and he is now being held for the non-payment of costs. He claims that it is only in cases where a fine is imposed that a court has the power to commit a defendant to jail for the non-payment of costs, and his imprisonment is therefore illegal.

At common law costs were unknown, and if there is authority to commit a citizen for the non-payment of costs, such authority must be found in the statute. All such statutes are penal in their nature and should be strictly construed. The following is the only statute we have on this subject : "When the defendant is adjudged to pay any fine and costs, the court shall order him to be committed to the jail of the county until the same are paid." (Gen. Stat. 1901, § 5696.) It will be observed that by the provisions of this statute it is only when the defendant is adjudged to pay "any fine and costs" that the court may commit him to the county jail until the same are paid. This court said, in *In re Heitman, Petitioner*, 41 Kan. 136, 138, 21 Pac. 213, that "imprisonment as a means of enforcing a judgment for costs or for any other purpose cannot be employed or imposed, except the authority therefor is clearly conferred by the statute." The section quoted does not confer such power, except in

cases where a fine has been imposed. We have not been referred to any adjudications sustaining the contentions of the respondent, and have been unable, after a diligent search, to discover any such.

The court has no power to commit the petitioner for non-payment of costs, and he is, therefore, discharged.

SMITH, CUNNINGHAM, JJ., concurring.