### ROCKWELL *v.* OAKLAND CIRCUIT JUDGE.

LARCENY—DOGS.

> Under 3 Comp. Laws, § 11553, providing for the punishment of "every person who shall commit the offense of larceny, by stealing, of the property of another, any money, goods or chattels," etc., a dog may be the subject of larceny.

*Mandamus* by Kleber P. Rockwell, prosecuting attorney of Oakland county, to compel George W. Smith, circuit judge of said county, to vacate an order quashing an information. Submitted March 12, 1903. (Calendar No. 19,597.) Writ granted April 21, 1903.

*Kleber P. Rockwell* (*H. M. Zimmermann*, of counsel), for relator.

*Edward A. Barnes* and *U. Grant Race*, for respondent.

HOOKER, C. J. The relator is prosecuting attorney for the county of Oakland, and asks a *mandamus* requiring the respondent, a circuit judge, to vacate an order quashing an information charging the larceny of a dog, which

order was based upon the claim by the respondent that a dog is not the subject of larceny in this State.

In most of our States, larceny has become an offense of statutory definition. Thus, in some States it is provided that one who steals the *personal property* of another shall be punished, etc.; constituting one class. In our own and other States the provision is that "every person who shall comit the offense of larceny, by stealing, of the property of another, any money, *goods or chattels*," etc., shall be punished. 3 Comp. Laws, § 11553. This constitutes another class. In several of the States, these provisions have been construed to include dogs.

Of those of the former class, the following are illustrations:

In *Harrington* v. *Miles*, 11 Kan. 484 (15 Am. Rep. 355), Mr. Justice Brewer said that a dog was the subject of larceny under a statute which made punishable, as such, "the taking and carrying away of any money, goods, rights in action, or other personal property or valuable thing whatever." The writer said: "Now, if a dog·is *personal property*, or a *thing of value*, it would seem that the stealing of one would be larceny within the statute."

In *Mullaly* v. *People*, 86 N. Y. 365, one was held to have been lawfully convicted under a statute which provided that "every person who shall be convicted of stealing the personal property of another," etc., shall be punished.

Of the latter class, the following will be found in point:

In *Com.* v. *Hazelwood*, 84 Ky. 683 (2 S. W. 489), it was held that a dog was a subject of larceny under a statute providing for the punishment of those who steal "goods and chattels."

The same was held in *State* v. *Brown*, 9 Baxt. 53 (40 Am. Rep. 81), where it was said that the terms "personal property" and "goods and chattels" are convertible.

The case of *Hamby* v. *Samson*, 105 Iowa, 112 (74 N. W. 918, 40 L. R. A. 508, 67 Am. St. Rep. 285), is sub-

stantially like the case before us, our statute being similar to that of Iowa.

In all of these cases, mention is made of the fact that property in dogs has been recognized by the legislatures, and they decline to follow the hard and fast rule adhered to in the case of *State* v. *Lymus,* 26 Ohio St. 400 (20 Am. Rep. 772), which is the strongest authority cited in favor of the respondent.

The case of *State* v. *Doe,* 79 Ind. 9 (41 Am. Rep. 599), is plainly distinguishable, for the court there draws an inference, from certain legislation mentioned, that the statute defining larceny was not meant to include dogs.

An inferior Ohio court has, since the decision in *State* v. *Lymus, supra,* sustained a charge for stealing a dog, after a modification of the statute was made by adding to the term "personal property" the words "anything of value." See *State* v. *Yates,* 10 Crim. Law Mag. 439. It is hard to avoid the conclusion that this disregards the earlier holding in *State* v. *Lymus,* for we must conclude that only personal property is meant to be included in the term "anything of value," and, if there may be personal property without value, it would seem to follow that the original decision was based solely upon the proposition that a dog had no value at common law, which was clearly incorrect. If it was not so based, but was decided upon the ground that, by the common law, a dog was excepted from personal property in general, and therefore could only be included by express legislative provision, it is not clear that it should be any the less so under the amended act than before. In any event, it is apparent that the earlier decision refused to construe the statute according to the generally accepted meaning of the term used, unaffected by the common-law rule, and that the court in the case of *State* v. *Yates* refused to follow the precedent.

In our own State, as in the others mentioned, especially in New York and Iowa, an intent to include dogs is found, because it is said that they are within the terms used in the statute according to their common meaning. There

are other cases where courts find dogs to be the subjects of larceny simply upon the ground that they have been recognized as property by legislatures. This is consistent with the recognized rule that new forms of personal property become subject to existing laws. Thus, illuminating gas has been so held, though unknown as property until a comparatively recent date. Our own statute makes "*goods and chattels*" the subjects of larceny, and, while we are not disposed to say that "personal property" may not be considered a broader term, we have seen that statutes using each have been held to supersede the common-law rule, and to apply to all property which falls within the term used as generally understood.

The writ will issue as prayed.

MOORE, CARPENTER, and MONTGOMERY, JJ., concurred. GRANT, J., took no part in the decision.