No. 29,758.

HARRY BADGLEY, *Plaintiff*, v. FRED E. MORSE, *Defendant*.

(296 Pac. 344.)

Opinion filed March 7, 1931.

W. L. *Sayers*, of Hill City, for the plaintiff.

*Roland Boynton,* attorney-general, *Arthur S. Brewster,* assistant attorney-general, and *C. L. Thompson,* county attorney, for the defendant.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original habeas corpus action brought by one now deprived of his liberty by the defendant sheriff, and plaintiff claims a complete discharge by reason of the failure of the district court to take action on his parole for more than two years after granting the same.

The plaintiff was convicted of the violation of the prohibitory liquor law on three counts and was sentenced to imprisonment in the county jail for a total period of eight months, to pay fines in the total sum of $400 and to stand committed until the fine and costs were paid. After serving a little more than six months' time in the jail, and without having paid any of the fine or costs, he was paroled by the district court.

The order of parole imposed the usual conditions and in addition that he pay the fine and costs as fast as he reasonably can, and that he accept the conditions of the parole. No further order was made in the case by the court except "parole continued" or "passed" for nearly four years after it was granted, and nothing was ever paid on the fine or costs. An order was then made that he pay at least $20 per month, and after four months' absolute failure to pay any part of the fine or costs the court ordered him "committed to the jail of Sheridan county, Kansas, until said fine in the sum of $400 shall have been paid in full."

The sheriff's return to the writ states that he holds the plaintiff under this commitment and attaches to his return a copy of it. The plaintiff has filed a motion to quash this return and this puts in issue the sufficiency thereof.

The essential portions of the statute under which the plaintiff claims his complete discharge are as follows, being parts of R. S. 62-2209:

"No person paroled under the provisions of section 2 of this act shall be granted an absolute discharge at an earlier period than six months after the date of his parole, nor shall such parole be continued for a longer period than two years from date of parole . . . : *Provided,* That if no absolute discharge shall be granted, nor the parole terminated within the time in this section limited, it shall be the duty of the court, at the first regular

term after the expiration of such time, to either grant an absolute discharge or terminate the parole and order the judgment of sentence to be complied with, but if the court shall fail to take any action at such time, such failure to act shall operate as a discharge of the person paroled."

Section 2, referred to in the section above quoted, is R. S. 62-2202, and it authorizes the district court when satisfied that any person against whom a fine or jail sentence has been imposed will not again violate the law, if permitted to go at large, to parole such person upon such conditions as the court shall see fit to impose and to terminate such parole at any time without notice.

The court will take judicial notice of the terms of court in Sheridan county, and the record shows that the first regular term of such court, after the expiration of two years from the date of the parole, passed without any action being taken to terminate the parole or grant an absolute discharge. No explanation or excuse for such failure or unusual delay is offered, but defendant contends that the limitation of R. S. 62-2209 only applies to paroled prisoners who have fulfilled all the conditions of the parole, which, of course, this plaintiff has not done, and that the parole was only from the balance of the jail sentence and not from the payment of the fine and costs. This argument might be conclusive if the only result of the failure to act was to terminate the parole, but such failure for more than two years "operates as a discharge of the person paroled." The court at any time within the two-year period could have done either of two things—terminate the parole or grant an absolute discharge. The failure to do either, the statute prescribes, will bring about only one of these results, viz., a discharge. A discharge from what? The thing under which he was being held —the commitment. The commitment covered two distinct features of punishment, the jail sentence and the fine, and an absolute discharge will unquestionably relieve him from commitment for both features. Had the court during the two years granted him an absolute discharge, could it be successfully urged that it was only from the remaining two months of the jail sentence? We think not.

It was held in the case of *Mikesell v. Wilson County*, 82 Kan. 502, 108 Pac. 829, that the discharge granted by the court to a paroled prisoner extended even to the imprisonment for the nonpayment of costs. The second paragraph of the syllabus is as follows:

"Where a person convicted of violations of the prohibitory liquor law is

sentenced to a term of imprisonment in the county jail and also a fine is imposed as the penalty, and is adjudged to pay the costs and to stand committed till the fine and costs are paid, and where after the commitment to jail the governor of the state issues to the prisoner a full pardon, so far as he has the power, but the prisoner is held in jail for nonpayment of costs, the district court may parole the prisoner, and six months thereafter may finally discharge such prisoner."

Defendant cites *State v. Baxter,* 41 Kan. 516, 21 Pac. 650, to show that where a fine is imposed in a criminal case, and an order made committing the defendant until the fine and costs are paid, that the imprisonment is no part of the punishment inflicted, but only a means provided for the enforcement of the penalty. But either a parole, while in effect, or a discharge will relieve the defendant, not only from the penalty imposed, but also from submission to the means of enforcing it.

The case of *In re Boyd, Petitioner,* 34 Kan. 570, 9 Pac. 240, is cited by defendant to show that an unconditional pardon by the governor will not release the defendant from the liability for costs nor imprisonment for the failure to pay them. However, we are not here concerned with the failure to pay costs or the continuation of imprisonment to enforce the payment of costs, as the order of commitment attached to the return only extends to the fine.

Defendant refers to the different means of obtaining a release from commitment for failure to pay a fine, one of which is parole from its payment, and consistently contends that in this case the parole did not cover the fine, but he does not answer the claim of the plaintiff that the automatic discharge does cover it.

The successive steps shown by the record in this case were the commitment covering a jail sentence, a fine and continued commitment until fine and costs are paid; next, a parole conditioned upon his payment of fine and costs as fast as possible; next, a discharge by operation of law for failure to terminate the parole or discharge the prisoner within the statutory period; and later a commitment until the fine shall be paid.

We think this commitment is not good because the prisoner had already been discharged by operation of law, and the motion to quash the return to the writ should be sustained.

It is so ordered and the writ is allowed.

SMITH, J., not participating.