No. 33,040

THE STATE OF KANSAS, *Appellee*, v. HENRY FENSKE (JOHN BOYD, *Appellant*).

(61 P. 2d 1368)

Opinion filed November 7, 1936.

A. *Harry Crane* and *Ward D. Martin*, both of Topeka, for the appellant.

*Clarence V. Beck*, attorney general, *Theo. F. Varner*, assistant attorney general, and *Warden L. Noe*, county attorney, for the appellee; *Floyd W. Hobbs*, of Holton, of counsel.

The opinion of the court was delivered by

WEDELL, J.: This was an action in which the defendants, Henry Fenske and John Boyd, were charged with felonies in two counts. The first count charged burglary and the second count grand larceny of a female coon dog. The action against Fenske is still pending. Boyd was acquitted on the first count and convicted of petit larceny on the second count, and from that conviction he appeals.

Appellant first contends his demurrer to the state's evidence should have been sustained. In support of this complaint he urges that since the dog was not listed and valued on the tax rolls, and the dog tax remained unpaid, the dog was not personal property. Appellant especially directs our attention to R. S. 21-535, 79-1303 and 79-1301. The statute under which appellant was prosecuted, namely, R. S. 21-535, provides:

"Every person who shall steal, take and carry away any money or personal property or effects of another, under the value of twenty dollars (not being the subject of grand larceny, without regard to value), shall be deemed guilty of petty larceny, and on conviction shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding one hundred dollars, or by both such fine and imprisonment."

The pertinent part of R. S. 79-1303 reads:

"That the officer to whom such report shall have been made shall levy against the owner or harborer thereof one dollar on each male or spayed female dog, and two dollars on each unspayed female dog: *Provided,* That such dogs are more than three months old on the preceding March 1."

R. S. 79-1301 provides:

"A dog which has been listed and valued as personal property, and the tax upon such valuation and per capita tax upon such dog having been paid, if due, shall be considered as personal property and have all the rights and privileges and be subject to like lawful restraints as other livestock. A recovery shall not be had for the malicious and unlawful killing of such dog in excess of double the amount for which it is so listed."

This dog had neither been listed nor valued by the assessor and the dog tax had not been paid. Did these facts render the dog valueless or deprive it of its attributes of personal property? We think not. Much might indeed be said concerning the value of a good coon dog and, for that matter, concerning any good dog. That, however, is unnecessary. There was evidence the owner refused an offer from defendants of $30 for this dog about two days before she was stolen. The jury fixed her value at $10 and that settles the question of value.

Appellant insists that in order for a dog to constitute personal property, and hence be the subject of larceny, the owner must comply with the provisions of R. S. 79-1301. That does not appear to have been the purpose of the statute. Article 13 deals with enumeration and taxation of dogs. The purpose of R. S. 79-1301 appears to have been to classify dogs for taxation purposes, to grant dogs upon which the tax had been paid the same rights and privileges and to subject them to the same restraints as other livestock. It also appears to have been designed to prevent the recovery of an unjust amount for the unlawful killing of dogs. The statute does not expressly declare nor does its language reasonably imply that failure to comply with its provisions would destroy a dog's classification as personal property for purposes other than taxation, namely, such as larceny.

Appellant urges the decision in *State v. Fisher,* 142 Kan. 627, 50 P. 2d 983, supports his contention. That action was a prosecution under the provisions of an entirely different statute, to wit: R. S. 21-565. The prosecution was one for the killing of a domestic animal. The gist of that decision with respect to the provisions of R. S. 79-1301 is that compliance with the statute is now a prereq-

uisite in order to entitle a dog as a domestic animal to the same protection as other livestock. We have no hesitancy in saying a dog is personal property, and that compliance with R. S. 79-1301 is not a prerequisite to make a dog the subject of larceny. In the early case of *Harrington v. Miles,* 11 Kan. 480, it was said:

"It seems impossible in the light of these legislative and judicial expressions to decide that a dog is not property, nor a thing of value. . . . We are constrained, therefore, to hold that a dog is property; that the stealing of one is larceny; and that words charging the stealing of a dog are actionable per se." (p. 484.) See, also, *Smith v. Steinrauf,* 140 Kan. 407, 36 P. 2d 995.

Appellant next contends the trial court erred in committing him to jail until the costs were paid. This contention is sound. Under the provisions of R. S. 21-535 the punishment might have been a fine, imprisonment, or both, but no fine was imposed. What does our code of criminal procedure provide? R. S. 62-1513 reads:

"When the defendant is adjudged to pay any fine and costs, the court shall order him to be committed to the jail of the county until the same are paid."

Authority to commit for costs must be statutory. The statute does not authorize commitment without imposition of a fine. See *In re Grinstead,* 64 Kan. 780, 68 Pac. 638, and *Brown v. Larimer,* 132 Kan. 81, 294 Pac. 906, and cases therein cited.

Appellee contends R. S. 63-309 provides for commitment for costs without the imposition of a fine. That is a provision of the criminal code before justices of the peace, and is not applicable here.

We are also referred by appellee to the following statutes as bearing upon the subject: R. S. 62-1022, 62-1023, 62-1515, 62-1520, 62-2209 and 62-2210. They do not supply the desired authority. Appellee also directs our attention to *Co. Com'rs v. Whiting,* 4 Kan. 273; *State v. O'Kane,* 23 Kan. 244; *State v. Granville,* 26 Kan. 158; *State v. Brooks,* 33 Kan. 708, 7 Pac. 591; *In re Boyd, Petitioner,* 34 Kan. 570, 9 Pac. 240, and *Badgley v. Morse,* 132 Kan. 544, 296 Pac. 344. They do not sustain appellee's contention. It must be noted the question is not the validity of a money judgment for costs or execution for collection of costs, but the authority to commit for costs without the imposition of a fine. The judgment is affirmed as to conviction and reversed as to commitment for costs.