Zimmerman, J.
 

 Defendant makes only one contention in this court,
 
 viz.,
 
 that he was entitled to a" directed verdict of acquittal, pursuant to his motions therefor, because it was not shown that he had committed any statutory offense.
 

 In support of such claim the argument is made that at common law dogs were not regarded as property the stealing of which constituted an offense; that the only manner in which dogs may be raised to the dignity of personal property subject to larceny in Ohio is by listing and valuing them for taxation and paying the tax if due as provided by Section 5837, General Code; and that, since the evidence in this case is clear that the dog in question was not so listed or valued, there is no basis for a criminal charge against defendant.
 

 As sustaining his view, defendant places reliance on the case of
 
 State
 
 v.
 
 Lymus,
 
 26 Ohio St;, 400, 20 Am. Rep., 772, decided in 1875 by a divided court, wherein it was held in the syllabus :
 

 “Under the criminal laws of this state, a dog is not the subject of larceny * *
 

 In the opinion in that case this language is used:
 

 “In describing the property of which a larceny,
 
 *279
 
 either grand or petit, may be committed, the statutes of this state use the words ‘goods and chattels.’ These words at the common law have a settled and well-defined meaning, and when used in statutes defining larceny, are to be understood as meaning such goods and chattels as were esteemed at the common law to be the subjects of larceny. As dogs, at the common law, were held not to be the subjects of larceny, they are not included in the words ‘goods and chattels,’ as used in the statutes referred to.” Compare
 
 Hamby
 
 v.
 
 Samson, Sheriff,
 
 105 Iowa, 112, 74 N. W., 918, 40 L. R. A., 508, 67 Am. St. Rep., 285, decided in 1898, where a contrary conclusion was reached under a comparable statute. See, also,
 
 Harrington
 
 v.
 
 Miles,
 
 11 Kan., 480, 15 Am. Rep., 355;
 
 Rockwell
 
 v.
 
 Oakland Circuit Jiodge,
 
 133 Mich., 11, 94 N. W., 378.
 

 However, now in force and pertinent to the present case, is Section 12447, General Code, couched in this language:
 

 “Whoever steals
 
 anything of value
 
 is guilty of larceny * * (Emphasis ours.)
 

 Section 12369, General Code, defining the term ‘ ‘ anything of value,” concludes with the words “and every other thing of value.”
 

 Therefore, as we see it, the controlling question here is whether the Etzwiler dog was actually a thing of value. That he was is established by the fact that he was an animal trained for hunting, whose value was placed at from $100 to $115 by different witnesses who testified on the subject and whose testimony was uncontradicted.
 

 Section 5837, General Code, stressed by the defendant, reads as follows:
 

 “A dog which has been listed and valued for taxation as personal property, and the tax upon such valuation and per capita tax upon such dog having been paid, if due, shall be considered as personal .property
 
 *280
 
 and have all the rights and privileges and be subject to like lawful restraints as other live stock. A recovery shall not be had for the malicious and unlawful killing of such dog in excess of double the amount for which it is so listed.”
 

 Speaking of the above-quoted section in a
 
 per curiam
 
 opinion in the case of
 
 Hill
 
 v.
 
 Micham,
 
 116 Ohio St., 549, 552, 157 N. E., 13, 14, this court remarked that the utmost declaration of such section is that there can be no recovery for the
 
 hilling
 
 of a dog listed for taxation in excess of twice the declared value thereof.
 

 Section 5837, General Code, does not expressly say, nor does its language reasonably imply, that failure to list a dog for taxation under that enactment destroys his status as a thing of value within the meaning .and scope of those words as used in the larceny statute.
 

 A number of our statutes, impliedly at least, recognize dogs as personal property, whether listed or unlisted for taxation. They refer to the “owner” of a dog and prescribe duties, liabilities and rights of the owner with respect to such animal. See, for example, Sections 5652
 
 et seq.,
 
 5809, 5816, 5817, 5819, 5838, 5841 and 5853, General Code.
 

 ■ Black’s Law Dictionary (3 Ed.), 1311, defines the term “owner” as “the person in whom is vested the ownership, dominion, or title of
 
 property.”
 
 (Emphasis ours.)
 

 Consequently, any dog having an owner is regarded in Ohio as personal property, and noncompliance with Section 5837, General Code, does not have the effect of removing such animal from the category of property or a thing of value for the purposes of larceny. See
 
 State
 
 v.
 
 Fenske,
 
 144 Kan., 560, 61 P. (2d), 1368;
 
 Commonwealth
 
 v.
 
 Hazelwood,
 
 84 Ky., 681, 2 S. W., 489;
 
 Bond
 
 v.
 
 Commonwealth,
 
 236 Ky., 472, 33 S. W.
 
 *281
 
 (2d), 320;
 
 Mullaly
 
 v.
 
 People,
 
 86 N. Y., 365; and 32 American Jurisprudence, 994, Section 79.
 

 The comment is made in 25 Ohio Jurisprudence, 21, Section 19, that, “while it was undoubtedly the rule at common law, and under an early statute in Ohio declaring it an offense to steal the goods or chattels of another, that a dog was not a subject of larceny, the contrary is well established, in Ohio, unde,r the statute penalizing the stealing of anything of value. A dog is property of value, and therefore a subject of larceny. ’ ’
 

 The latter part of the above statement is in accord with the decided weight of modern authority where statutes like or resembling Section 12447, G-eneral Code, were involved. See 3 Corpus Juris Secundum, 1085, Section 3b; 36 Corpus Juris, 740, Section 18 (2); 32 American Jurisprudence, 993, Section 79.
 

 It is said in 92 A. L. R., annotation, page 212:
 

 “By the old common law, larceny could not be committed of a dog. The reasons assigned for this were the baseness of the nature of such creature; that it was kept for mere whim and pleasure; that being unfit for food, it was of no intrinsic value; and that the penalty for the felony of larceny was too severe to apply for the stealing of so contemptible a creature.”
 

 Such reasoning has been denoted “artificial,” “illogical” and “unsatisfactory.” Certainly it is utterly foreign to present day concepts.
 

 “In the reign of William I [England], it was made grand larceny to steal a chattel valued at twelve pence or upwards, and grand larceny was punishable by death, and one reason hinted at by Lord Coke for holding that it was not larceny to steal dogs was that it was not fit that
 
 ‘a
 
 person should die for them’; and yet those ancient law-givers thought it not unfit that a person should die for stealing a tame hawk or falcon.”
 
 Mullaly
 
 v.
 
 People, supra,
 
 367.
 

 
 *282
 
 Doubtless, some dogs are base, vicious and worthless; but consider the great majority of the members of the dog family which possess estimable and noble attributes. These animals serve as devoted and beloved companions, save and protect lives and property, assist the farmer in the management of his live stock, furnish guidance for the blind, perform heroic deeds in warfare, often display intelligence of a high order, and render themselves useful and valuable in numerous other ways. They are regularly bought and sold, sometimes at fabulous prices. To say that any dog not listed for taxation cannot be a thing of value within the contemplation of the larceny statute is untenable.
 

 It may be added that Section 5652-7, General Code, providing a penalty for the theft of a registered dog, does not preclude resort to Section 12447, General Code, where the particular dog stolen, registered or unregistered, is a thing of value. See
 
 Commonwealth
 
 v.
 
 Flynn,
 
 285 Mass., 136,188 N. E., 627, 92 A. L. R., 206.
 

 We conclude that the contention advanced in this court by the defendant is not well made, and that it was properly determined by the Court of Appeals that a dog, whether listed for taxation'or not, may be a thing of value subject to larceny within the provisions of Section 12447, General Code. The judgment of the Court of Appeals is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Bell, Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., dissents.