No. 36,802

JAMES BARBER, *Plaintiff,* v. ELBURN BEAL, Sheriff of Shawnee County, etc., his Agents, Servants, and Employees, *Defendants.*

(175 P. ·2d 106)

Opinion filed December 7, 1946.

*Elisha Scott,* of Topeka, argued the cause and was on the briefs for the plaintiff.

*Allen Meyers,* county attorney, argued the cause and was on the briefs for the defendants.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in habeas corpus whereby the petitioner seeks·his release from the custody of the sheriff of Shawnee county. On February 14, 1944, in the district court of that county, petitioner entered his plea of guilty to a charge of grand larceny and on that plea the district court sentenced him to the Kansas State Industrial Reformatory. On the same day the district court paroled him to his father, one of the conditions being that he refrain from violating any of the laws of the state of Kansas. On July 9, 1946, the district court, upon a showing that petitioner had violated the laws of Kansas, revoked the parole and ordered the sheriff to arrest the petitioner and commit him to the county jail to remain until the further order of the court. Petitioner's attempt to appeal from the order revoking his parole came to naught and he then commenced the instant proceeding.

In his petition for a writ, petitioner alleges that he is unlawfully restrained of his liberty by the sheriff and lodged in the county jail by reason of the order revoking his parole, and that the pretended order of revocation is completely void on its face; that he was paroled by the district court on February 14, 1944, and in granting the parole the court stated it was for two years; that by oversight and inadvertence the county attorney's office, in preparing the parole, failed to state or include in the parole the provision for termination at the end of two years, and that evidence will be offered to show and satisfy this court that the extent of the parole was for two years; that an application for an order *nunc pro tunc* was made on July 9, 1946, and was denied by the district court. Other allegations made are explanatory of those set forth.

Upon the filing of the above petition this court made an order staying further proceedings in the district court until the final order of this court and directing the sheriff to show cause why the writ prayed for should not be issued. The sheriff has filed a return, setting forth that petitioner on February 14, 1944, entered his plea of guilty to a charge of grand larceny, was sentenced to the reformatory and on the same day paroled. Copies of the journal entry of judgment and of the parole are attached. He also alleged that on July 9, 1946, the same being one of the days of the April, 1946, term of the district court, which was the first regular term after the expiration of two years from the date of the parole, the district court entered an order revoking the parole and ordering the sheriff to arrest petitioner and commit him to the county jail pending the further order of the court, and that petitioner was in his custody under and by virtue of that order. It is here noted that the copy of the parole attached to the return contains no provision or language providing that the term of the parole is for two years or for any fixed period of time.

The statutory provisions for paroles may be found in G. S. 1935, ch. 62, art. 22, as amended, and references here made are to section numbers.

Under section 2201 the district court is given the power to parole persons convicted of a violation of the criminal laws of this state. Under section 2203 provision is made as to felonies for which paroles may be granted, and under the classification there made a parole may be granted to a person convicted of grand larceny. Under section 2204 when any person has been paroled

under section 2203, the court granting the parole may revoke the parole at any time without notice. This section contains other provisions not now necessary to notice. Under section 2205, provision is made for a bond and conditions thereof of a person paroled under section 2203. It is here noted that none of the above sections make any provision as to the length of time any parole may be granted. Under section 2209 provision is made for limitations on paroles. As to felonies—and petitioner was convicted of a felony—it is provided that no person paroled under the provision of section 2205 shall be granted an absolute discharge at an earlier period than two years from the date of his parole, nor shall such parole continue for a longer period than ten years, "*Provided,* That if no absolute discharge shall be granted nor the parole terminated within the time in this section limited, it shall be the duty of the court, at the first regular term after the expiration of such time, to either grant an absolute discharge, or terminate the parole and order the judgment of sentence to be complied with, but if the court shall fail to take any action at such time, such failure to act shall operate as a discharge of the person paroled."

Petitioner's contention, as presented by his petition and as argued in his brief is that when he was paroled on February 14, 1944, by the district court, that court fixed its termination at the end of two years, and that as the parole was not revoked until July 9, 1946, or over two years later, the attempted revocation was a nullity. In support of that contention, he directs our attention to *Badgley v. Morse,* 132 Kan. 544, 296 Pac. 344, where the offense was a misdemeanor, and the defendant was paroled upon statutory conditions and that he pay the fine and costs assessed. No further order concerning the parole was made until about four years later when an attempt was made to revoke the parole. In an original habeas corpus proceeding we held the attempted revocation came too late for the reason that under the statute quoted above the failure of the district court to take any action within the time fixed operated as a discharge of the person paroled. The case is not in point here.

Petitioner has filed a transcript of the proceedings had in the district court on February 14, 1944, when he pleaded guilty to the crime of grand larceny and when he was paroled. That transcript discloses the district court heard evidence supporting petitioner's application for a parole, and after considering it stated among

other things that it was paroling petitioner "partly because if you are sent down to Hutchinson they will probably hold onto you only about ten months, but if I parole you I have my fingers on you for two years." Petitioner contends that this language made his parole one for two years and if not revoked within that period, he was absolutely discharged. We think that the construction placed on the quoted language is too broad. The court was giving a reason for granting the parole, but not fixing a limitation on it. Assuming the district court could have granted a parole of the nature and upon the conditions urged by the petitioner, it did not do so insofar as the record of the judgment of sentence and the documentary parole are concerned, and petitioner concedes that his application was denied to have a *nunc pro tunc* order to make the record show what he contends happened.

But we need not discuss that at any length. Under the statutes above reviewed, the district court was without power to divest itself of its statutory duties and fix a time for an absolute discharge at the time it granted a parole. It could not, at the granting of the parole make any order that dispensed with the provisions of G. S. 1935, 62-2209. In *Badgley v. Morse,* supra, this court stated it would take judicial notice of the terms of court in a judicial district. In the instant case we not only take such notice, but the return of the sheriff alleges, and in part the record discloses, that petitioner was paroled in February, 1944; that two years expired February, 1946, and the first regular term of the district court thereafter commenced on the first Monday in April, 1946, and the next term thereafter commenced on the first Monday of September, 1946. It is therefore clear that when the district court revoked petitioner's parole on July 9, 1946, it was at the first regular term after the expiration of two years from the date of his parole, and that the action was taken at a time when the district court's duty was "to either grant an absolute discharge, or terminate the parole and order the judgment of sentence to be complied with."

On the record presented, and under the statutes applicable, the petitioner was not entitled to an absolute discharge prior to the time his parole was revoked, the parole was properly revoked and petitioner is not entitled to writ of habeas corpus. The writ of habeas corpus is denied, and the stay heretofore ordered is set aside.